Day, J.
 

 The sole question for determination is whether the Court of Appeals erred in dismissing the appeal of plaintiff in error for the reason that he was not a party to the instant case, to wit, ease No. 99027 in the court of common pleas of Franklin county.
 

 
 *612
 
 In considering the motion to dismiss the Court of Appeals had before it only a transcript of the docket and journal entries and the original papers filed in case No. 99027. There was no record presented to the Court of Appeals that Franklin M. Fountain, had ever been appointed receiver for the International Telephone Company, or that he had been authorized by the court as such receiver to perfect an appeal in case No. 99027, or that such receiver had been substituted for the International Telephone Company as a party, or that he was made party on his own motion or otherwise. The nearest that any of such facts appear in the record is by the journal entry filed August 9,1930, overruling the motion for a new trial and entering judgment in favor of the plaintiff, George B. Pierce, for $5,735, “with interest thereon at the rate of six per cent per annum from the first day of May, 1924, together with his costs therein expended, to which ruling of the court in entering up judgment as aforesaid, in favor of said plaintiff, George B. Pierce, and against said defendant, The International Telephone Company and said receiver, Adam G. Innis, the said defendant, The International Telephone Company, and said receiver, Franklin M. Fountain, at the time excepted and still except thereto, and on the first day of July, A. D. 1930, filed this, their joint and several bill of exceptions.”
 

 However, the foregoing journal entry is not applicable in the present instance, for the reason that the same was filed on the allowance of the bill of exceptions, which bill of exceptions pertained to the error case filed in the Court of Appeals and growing out of the same matter; and a bill of exceptions is
 
 *613
 
 not necessary in an appeal case, which is the character of case under review. The judgment controlling in this matter is that of June 18th, journalizing the judgment of June 2, 1930. This journal entry recites:
 

 “It is therefore ordered and adjudged by the court that the plaintiff, George B. Pierce, recover from the defendant, The International Telephone Company, the sum of five thousand seven hundred thirty-five ($5735.00) dollars, with interest thereon at the rate of 6% per annum from the first day of May, 1924; and that plaintiff recover his costs herein expended taxed at $-, to all of which rulings, orders and judgments of the court the defendant, The International Telephone Company, excepts.”
 

 It is to be noted that the receiver notes no exception to the judgment of the court, and is not a party to such journal entry. In the brief of counsel for plaintiff in error, reliance is placed upon these recitals in the journal entry of August 9th. The bill of exceptions was subsequent to the judgment, and is not a part of the judgment. It cannot add to the judgment. Its only purpose is the recital of the judgment for the purpose of an error proceeding. It has no place in the appeal case.
 

 The fact that the clerk of the common pleas court was notified by letter by the attorneys of plaintiff in error that he intended to appeal cause No. 99027, and calling the attention of the clerk to Section 12227, General Code, by the terms of which a party appealing in a fiduciary capacity, who has given bond, is not required to give an appeal bond, is not sufficient; for a court speaks by its journals.
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130
 
 *614
 
 N. E., 32. The orderly procedure of courts requires that new parties or persons seeking to be substituted as parties in pending actions must first secure leave of court before they can be made parties or be substituted for parties already before the court.
 

 Much is claimed by plaintiff in error because of the language of Section 12224: “An appeal may be taken * * * by a party or other person directly affected; * * * ” it being urged that such section is applicable in the premises as a “pending action.” This section was declared unconstitutional in
 
 Wagner
 
 v. Armstrong, 93 Ohio St., 443, 113 N. E., 397. Plaintiff in error contends, however, that such section is not unconstitutional as to who may appeal. The contention of plaintiff in error, as set forth in his brief, is:
 

 “A reasonable interpretation of General Code 12227 should include ‘or other person directly affected.’ The word ‘party’ in the context should not be limited to parties to the action if General Code 12224 at the present time has any legal effect. Therefore, if General Code 12224 still has any legal effect, then it would naturally follow that a person who comes within the purview of ‘a person directly affected’ and who is in a trust capacity, and who has already given bond as such, would not have to give an appeal bond to perfect an appeal.”
 

 Even conceding that the receiver was a “person directly affected,” before appealing without bond it was his duty either to be made party or to have himself substituted, as provided by statute. The Legislature may regulate the mode and method of appeal; it may provide who may and. who may not be required to give bond. It has said, in Section 12227,
 
 *615
 
 General Code:
 
 “A
 
 party in any trust capacity * * * who has given bond, ’ ’ shall not be required to give bond and security to perfect an appeal. It has not so said as to a “person directly affected.”
 

 Since Section 12224, General Code, was declared unconstitutional in
 
 Wagner
 
 v.
 
 Armstrong, supra,
 
 decided in 1916, and was repealed in 118 Ohio Laws, 685, effective July 26, 1929, it would seem that, if the Legislature had desired to exempt from giving bond upon appeal “persons directly affected,” it would have so provided, in addition to the class mentioned in Section 12227. Not having so said at the time of the repeal, we cannot escape the conclusion that the Legislature meant to confine that privilege to a “party,” because a “person directly affected” might become such by being made a party or by substitution.
 

 The record of the court of common pleas, certified to the Court of Appeals, disclosing no authority for the receiver to appeal, nor any action taken by the court of common pleas substituting the receiver for the International Telephone Company, nor any court record making the receiver a party to the case then sought to be appealed, to wit, No. 99027, we reach the conclusion that the Court of Appeals did not err in dismissing the appeal on the ground that the receiver was not at any time made a party to the action of record, either by substitution, leave, or otherwise —a necessary requisite to obtaining the benefits of Section 12227, General Code.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Kinkade and Robinson, JJ., concur.
 

 Ailen, J., not participating.