By the Court.
 

 Prom the journal entry of the Court
 
 *22
 
 of Appeals and statements of counsel in their briefs filed in this court it appears that leave was granted “to substitute L. D. Crowther for Stanley L. Houghton, as relator.” However, the amended petition recites that a motion was allowed to make L. D. Crowther a “party plaintiff.” The amendment did not conform to the leave granted, if any, and was, therefore, filed without leave.
 

 Section 11361, General Code, permits an amendment to a petition, without leave of court, within ten days after demurrer. In this case demurrers were filed but no amendment was filed within ten days thereafter. As there is no right to file an amended petition without leave after such ten-day period (31 Ohio Jurisprudence, 917, Section 322), it is apparent that the relator in the instant action had no right to file his amended petition without first obtaining leave of court.
 
 Fountain, Recr.,
 
 v.
 
 Pierce,
 
 123 Ohio St., 609, paragraph 1 of the syllabus, 176 N. E., 444; 30 Ohio Jurisprudence, 805, Section 75; 31 Ohio Jurisprudence, 925, Section 329;
 
 Archdeacon, Admr.,
 
 v.
 
 Cincinnati Gas & Electric Co.,
 
 76 Ohio St., 97, 81 N. E., 152.
 

 The amended petition not having been properly filed, it could have been stricken from the files.
 
 Newburg Petroleum Co.
 
 v.
 
 Weare,
 
 44 Ohio St., 604, at 609, 9 N. E., 845; 31 Ohio Jurisprudence, 886, Section 295.
 

 Furthermore, assuming that leave to amend was granted, the court could have dismissed the proceeding upon its own motion, since the amended petition as filed did not conform to the leave granted. 14 Ohio Jurisprudence, 334, Section 18.
 

 However, the amended petition was not stricken from the files by the court. Instead the journal entry states that the court “of its own motion strikes the
 
 petition
 
 from the file and dismisses this action without prejudice, and sets aside the leave heretofore announced from the bench to
 
 substitute
 
 another as relator and the leave granted to amend the petition.”
 
 *23
 
 (Italics ours.) This was done because the “action was instituted herein by relator as a taxpayer without first making written demand upon the prosecuting attorney to bring the action and without relator having first given security for the payment of the costs of the action” as required by Sections 2921 and 2922, General Code.
 

 Although Section 11614
 
 et seq.,
 
 General Code, require security for costs, a defendant may waive those requirements by pleading or demurring. 11 Ohio Jurisprudence, 125, Section 159; 8 A. L. R., 1510. In this instance the securing of costs, the giving of a written request to the prosecuting attorney and his refusal to bring suit, are prerequisites or conditions precedent to the right of the taxpayer to maintain an action. Section 2922, General Code; 39 Ohio Jurisprudence, 11, 13, Sections 5 and 6. Being statutory conditions precedent to the right of the taxpayer to bring suit, they were not waived by the action of the respondent in demurring to the petition.
 

 The action of the court, in ignoring the amended petition improperly filed and dismissing the petition for the failure of the relator to comply with conditions precedent, was not erroneous, and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, ' Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.