Bell, J.,
 

 dissenting. The judgment of the Court of Appeals is correct in my view and by reversing that judgment the majority has overturned a fundamental principle of law which has been firmly established in this state for more than a hundred years.
 

 This court by a uniform line of decisions has held
 
 that a court of record speaks only through its journal.
 
 A few of the more recent cases wherein that principle is reiterated are:
 
 State, ex rel. Voight,
 
 v.
 
 Lueders, Judge,
 
 101 Ohio St., 256, 128 N. E., 72;.
 
 Fairchild
 
 v.
 
 Lake Shore Electric Ry. Co,,
 
 101 Ohio St., 261, 128 N. E., 168;
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32;
 
 Smith
 
 v.
 
 Smith,
 
 103 Ohio St., 391, 133 N. E., 792;
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136
 
 *452
 
 N. E., 143;
 
 Cox
 
 v.
 
 Cox,
 
 108 Ohio St., 473, 141 N. E., 220;
 
 Amazon Rubber Co.
 
 v.
 
 Morewood Realty Holding Co.,
 
 109 Ohio St., 291, 142 N. E., 363;
 
 In re Fenwick,
 
 110 Ohio St., 350, 144 N. E., 269;
 
 Fountain, Recr.,
 
 v.
 
 Pierce,
 
 123 Ohio St., 609, 176 N. E., 444;
 
 State, ex rel. Schunk, a Minor,
 
 v.
 
 Hamilton et al., Judges,
 
 127 Ohio St., 555, 190 N. E., 199;
 
 Will
 
 v.
 
 McCoy,
 
 135 Ohio St., 241, 20 N. E. (2d), 371;
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014;
 
 Elser
 
 v.
 
 Parke,
 
 142 Ohio St., 261, 51 N. E. (2d), 711;
 
 Brown, Admx.,
 
 v.
 
 L. A. Wells Construction Co.,
 
 143 Ohio St., 580, 56 N. E. (2d), 451, and
 
 Squire, Supt. of Banks
 
 , v.
 
 Guardian Trust Co.,
 
 144 Ohio St., 266.
 

 As I interpret the opinion the majority now says that a court of record in a certain type of case may speak through its docket and not its journal. That conclusion is contrary not only to the decisions noted, as well as Section 11604, General Code, but is contrary also to the universally recognized rule.
 

 Under the grant of power contained in Section 1, Article IV of the Ohio Constitution, the General Assembly has created municipal courts in many of the more populous municipalities of the state. Each court was created by special act and each with one exception is declared by the act of its creation to be
 
 a court of record.
 

 The Municipal Court of Akron was created and its jurisdiction defined by Sections 1579-497 to 1579-550, both inclusive, General Code.
 

 Section 1579-497, General Code, provides in part “That there' shall be and hereby is established in and for the city of Akron a Municipal Court, which shall be a court of record ***.’■
 

 Section 1579-516, General Code, grants rule-making power to the judges of that court. Under the authority of that section certain rules were adopted.
 

 
 *453
 
 Rule 4 of those rules provides in párt as follows:
 

 “The clerk shall prepare and keep the following dockets and books which shall be the public records of the court: * * *
 

 “ (5) A ‘journal’ in which shall he recorded the orders of the court, made in cases wherein extended records are ordered to he made, or are demanded by a party.”
 

 In a second class case the judgment of the court is not entered on the journal, hut instead is entered in the civil docket.
 

 One of the questions here is whether the rule of Section 11604, General Code, is controlling. That section reads as follows:
 

 “
 
 All judgments and orders must be entered on the journal of the court, and specify clearlj the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerh *
 
 * (Italics mine.)
 

 Heretofore that statute always has been held to be mandatory and to apply to
 
 all judgments in all courts of record.
 

 True that section is found in Part Third, Title IV, Division IV, chapter 4, of the General Code, under the caption “Manner of Giving and Entering Judgment.” Nonetheless, the provisions of that section, in my judgment, are made applicable to the Municipal Court of Akron by the provisions of Section 1579-536, General Code, which provides that the clerk of the Municipal Court shall make and keep all journals of .the court.
 

 It must be assumed that when the General Assembly created the Municipal Court of Akron and made it a court of record it knew of the existence of Section 11604, General Code, and the construction placed thereon by the courts of the state, and it seems plain
 
 *454
 
 that if it was intended that the provision
 
 “all judgments and orders must be entered on the journal of the court”
 
 should not apply to that court, appropriate language could have been found to convey that intention.
 

 The statute provides that
 
 all judgments and orders must be entered on the journal;
 
 the rule provides that the orders of the court shall be entered
 
 only in cases wherein extended records are ordered to be made, or are demanded by a party.
 

 Here there is a clear conflict between the rule of court and the statute. Under such circumstances I maintain that the statute must prevail and that the rule must fail.
 

 Furthermore Section 11656, General Code, provides in part as follows:
 

 “Any judgment or decree rendered by any court of general jurisdiction * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time when there shall have been filed in the office of the clerk of the Court of Common Pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of - the action, the names of the judgment creditor or creditors and judgment debtor or debtors, the- amount of the judgment and costs * * * the date of the rendition of the judgment and the volume .and page of the journal entry thereof * *
 

 In this case the certificate of judgment filed in the Court of Common Pleas obviously did not and could not meet the requirements of that section in that the volume and page of the journal entry were not set forth.
 

 The question before the Court of Appeals was wheth
 
 *455
 
 er that certiíicate created a valid and enforceable lien and it was held that no lien' was created.
 

 The majority opinion holds that compliance with the clear, mandatory provisions of Section 11656, General Code, is not vital to the validity of the certificate. If that be true the section is a mere nullity and should be repealed.
 

 The majority opinion takes no note of the following language also found in Section 11656, General Code.
 

 “When any such certificate of any judgment of any such court shall be delivered to the clerk of the court of common pleas of any county in this state, the same shall be filed by such clerk, and he shall cause the same to be docketed and indexed under the names of the judgment creditor or creditors and of the judgment debtor or debtors in a judgment docket, which shall show as to each judgment all of the matters set forth in such certificate as herein required.”
 

 This language certainly is indicative of the intention of the General Assembly to make the provision of Section 11656, General Code, mandatory and not directory. ■ '
 

 By holding that a judgment in a second class case in the Municipal Court may be entered in the civil docket, it is rendered impossible to make the certificate of judgment conform to the statute, and it is also rendered impossible for the clerk of the Court of Common Pleas to comply with the statute in entering such certificate in the judgment docket.
 

 It was urged in oral argument that this rule in some way tended to expedite the business of the Municipal Court.
 

 It should be kept clearly in mind that the rule provides the judgment shall be entered in the’civil docket; the statute says it shall be entered on the journal.
 
 *456
 
 Who will say that it takes more help, time or energy to enter the judgment on the journal where it does belong than it does to enter the same judgment in the same words in the civil docket where it does not belong. Even assuming that the rule would save help, time and energy, can that be a valid excuse for ignoring the plain provision of the statute? The answer should be an emphatic no.
 

 To hold that the entry of a judgment in the civil docket constitutes journalization within the provisions of Section 11604, General Code, to my mind is closely akin to judicial legislation.
 

 Let us suppose a case where the judgment is entered in the civil docket and thereafter a party demands, under subsection five of rule four, that the judgment be entered on the journal, and let us further suppose that the docket entry and the journal entry are at variance. Will the court speak through its journal or its docket?
 

 Lawyers in the examination of titles to real estate can no longer depend upon the journal to discover a judgment lien but will be required to examine the civil docket in the Municipal Court.
 

 Instead of being a great convenience to the litigants or the public the result reached can lead only to the greatest confusion.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.