CARTER, APPELLEE, *v.* JOHNSON, SUPT., APPELLANT.

[Cite as Carter v. Johnson (1978), 55 Ohio App. 2d 157.]

(No. 36808—Decided January 5, 1978.)

*Mr. Jerome Leiken* and *Mr. Emery S. Green,* for appellee.

*Ms. Gladys Burkhart* for appellant.

KRUPANSKY, J. The instant matter is an appeal by the defendant-appellant, John C. Johnson, Superintendent of the Real Estate Commission (hereinafter referred to as Superintendent), from a judgment entered against him on July 7, 1976.

On July 29, 1976, the Superintendent timely filed a notice of appeal and raised four assignments of error. The assignments of error are as follows:

1. The trial court erred in not permitting the Superin-

tendent of the Ohio Real Estate Commission to defend the subject action.

2. The trial court erred in not permitting the subject case to be heard.

3. The trial court erred in entering final judgment without ruling on appellant's motion to dismiss.

4. The trial court erred in failing to sustain appellant's motion to dismiss.

The relevant facts in the instant matter are as follows:

On February 24, 1976, the plaintiff-appellee (hereinafter referred to as plaintiff) filed an application in Cuyahoga County Common Pleas Court for an order directing the Superintendent to make payment out of the real estate recovery fund pursuant to R. C. 4735.12. Service by certified mail was obtained on the Superintendent on March 1, 1976.

On March 23, 1976, the Superintendent filed a motion to dismiss said application pursuant to Civil Rule 12(B) (6). On June 30, 1976, the plaintiff filed an affidavit in support of his application and also verified the truth of the allegations contained in said application.

On July 7, 1976, the trial court rendered judgment for plaintiff in the amount of Four Thousand and One Dollars and Fifty-Seven Cents ($4,001.57) and ordered the Superintendent to pay this amount from the real estate recovery fund.

Inasmuch as the first three assignments of error are so closely intertwined, they will be dealt with together.

As previously stated, the plaintiff filed an application for an order directing payment out of the real estate recovery fund in the amount of a judgment he had obtained against Sir/Rah Realty Company. The plaintiff filed said application pursuant to R. C. 4735.12(B), which provides as follows:

"(B) When any person, except a bonding company when it is not a principal in a real estate transaction, obtains a final judgment in any court of competent jurisdiction against any broker or salesman licensed under this

chapter, on the grounds of an act, omission, representation, transaction, or other conduct which is in violation of the provisions of this chapter or the rules promulgated thereunder, and which occurred after the effective date of this section, such person may upon exhaustion of all appeals, file a verified application in any court of common pleas for an order directing payment out of the real estate recovery fund of the amount of the judgment which remains unpaid.

"The court shall order the superintendent to make such payments out of the real estate recovery fund when the person seeking the order has shown that:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has caused to be issued a writ of execution on the judgment and the officer executing the writ has made a return showing that no personal or real property of the judgment debtor liable to be levied upon in satisfaction of the judgment could be found, or that the amount realized on the sale under the execution was insufficient to satisfy the judgment;

"(5) He has made all reasonable searches and inquiries to ascertain whether the judgment debtor is possessed of real or personal property or other assets, liable to be sold or applied in satisfaction of the judgment;

"(6) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the real estate recovery fund;

"(7) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment; * * *."

The plaintiff contends his application for recovery against the fund contained allegations meeting all of the

requirements set forth in R. C. 4735.12(B)(1) through (7). The Superintendent, in his motion to dismiss said application and on appeal, disputes this contention and argues there has been no such compliance with the relevant statutory provisions.

A preliminary issue to the resolution of the instant matter is the applicability of the Ohio Rules of Civil Procedure to proceedings brought under R. C. 4735.12. We hold that, as a civil action, a proceeding under R. C. 4735.12 is governed by the Civil Rules, except where otherwise provided in the statutory scheme.

Civil Rule 1 provides the general scope of the rules, their applicability, construction, and exceptions, in the following language relevant to the issue here:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule. * * *

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings, provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

As pointed out in the 1971 amended staff note to this rule:

"As a result of the amendment of Rule 1(C) the Civil Rules will be applicable to special statutory proceedings except 'to the extent that they would by their nature be clearly inapplicable.' Certainly the Civil Rules will *not be applicable to those many special statutory proceedings which are non-adversary in nature.* On the other hand, the Civil Rules *will be applicable to special statutory proceedings adversary in nature* unless there is a good and sufficient reason not to apply the rules." (Emphasis added.)

The Superintendent's argument in support of the applicability of the Civil Rules to proceedings under R. C. 4735.12 is predicated upon the provisions of R. C. 4735.12 (C). It states:

"A person who applies to a court of common pleas for an order directing payment out of the real estate recovery fund shall file notice of such application with the superintendent. *The superintendent may join in the proceedings as a party defendant, and defend any such action, on behalf of the fund and shall have recourse to all appropriate means of defense and review including examination of witnesses.* The superintendent may move the court at any time to dismiss the application when it appears there are no triable issues and the petition is without merit. The motion may be supported by affidavit of any person having knowledge of the facts; and may be made on the basis that the petition, including the judgment referred to therein, does not form the basis for a meritorious recovery claim provided, however, the superintendent shall give written notice at least ten days before such motion. The superintendent may, subject to court approval, compromise a claim based upon the application of an aggrieved party. He shall not be bound by any prior compromise or stipulation of the judgment debtor." (Emphasis added.)

Obviously, the procedure contemplated by R. C. 4735.-12 is a civil action and is, at least when the Superintendent elects to contest the application, adversary in nature.

We can discern no reason why the exception retained in Civil Rule 1(C)(7) should be held to apply to the adversary proceedings under R. C. 4735.12, nor why the Civil Rules are by their nature "clearly inapplicable" within the meaning of Civil Rule 1(C). Accordingly, we hold that a proceeding under R. C. 4735.12 is governed by the Civil Rules, except where otherwise provided in the statutory scheme.*

---

*Several other appellate courts have considered the applicability of the Civil Rules to special statutory procedures. *See Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83 (as to substantive law, R. C. 3109.04 controls over Civ. R. 75(P)); *State, ex rel. Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262 (the Civil Rules are not applicable to subpoena *duces tecum* proceedings under R. C. 4114.04(B)(6), insofar as they require the filing of a complaint and issuance of summons); *Dir. of Highways* v. *Kleines* (1974), 38 Ohio St. 2d 317 (a trial court may order consolidation of appropriate cases pursuant to provisions of Civ. R. 42(A) without consent of parties notwithstanding provisions of R. C. 5519.02 and

In the instant matter, the Superintendent, upon receiving notification of the plaintiff's application, filed a motion to dismiss the same pursuant to Civ. R. 12(B)(6). R. C. 4735.12(C). The certified copy of the docket and journal entries of the court below reveal that the court never ruled upon the motion to dismiss. That a judge speaks as the court only through the journal of the court is a well-established principle. *Fountain* v. *Pierce* (1931), 123 Ohio St. 609; *State, ex rel Ruth*, v. *Hoffman* (1947), 82 Ohio App. 266. *See* Civil Rule 58. Under the circumstances of the instant case, the failure of the judge below to journalize his ruling on the Superintendent's motion to dismiss constituted reversible error.

Civil Rule 12(B) and R. C. 4735.12(C) allow a defendant the option to raise the defense of failure to state a claim upon which relief can be granted either in a responsive pleading or by motion. In the present case, the Superintendent elected to raise this defense by a motion made prior to the filing of a responsive pleading. By doing so, the Superintendent altered the general rule which requires the defendant to serve his answer within twenty-eight days after service of the summons and complaint upon him. Civil Rule 12(A)(1). The filing of a motion under Civil Rule 12(B)(6) temporarily suspends the time within which the defendant must file his answer.

Civil Rule 12(A)(2) in pertinent part provides:

"The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action."

---

163.09 (E)); *Sensenbrenner* v. *Crosby* (1974), 37 Ohio St. 2d 43 (the Civil Rules apply to, and govern, enforcement of forfeiture provision of R. C. 3719.47); *Yancey* v. *Pyles* (1975), 44 Ohio App. 2d 410 (Civ. R. 3(A) and Civ. R. 4 are applicable to proceedings brought under R. C. 2117.12); *Hollington* v. *Ricco* (1973), 40 Ohio App. 2d 57 (proceeding under R. C. 2905.37 is governed by Civil Rules except as otherwise provided in the statutory scheme).

The record reveals the trial court did not order a different time period within which the Superintendent was to file an answer. Moreover, since the trial court never journalized a ruling on the motion to dismiss, the Superintendent was not put on notice as to when to file an answer.

Accordingly, when the trial court entered judgment for the plaintiff, it was in effect rendering a default judgment.

By filing a motion to dismiss, the Superintendent made an appearance in the action. Civil Rule 55(A) in relevant part provides:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) *shall* be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.)

Since the Superintendent was not served with the required notice, the trial court erred in entering judgment for the plaintiff. The case must be reversed and remanded so that the Superintendent is given an opportunity to defend the action.

The first three assignments of error are well taken.

For his fourth assignment of error, the Superintendent contends the trial court erred in failing to sustain his motion to dismiss. In light of our decision under the first three assignments of error and the trial court's failure to journalize a ruling on said motion, we have no basis upon which to decide the Superintendent's contention. On remand, the trial court should journalize its ruling on the motion to dismiss.

*Judgment reversed and cause remanded.*

Day, C. J., and Pryatel, J., concur.