The primary issue raised by this appeal is whether the Franklin County Court of Common Pleas erred by overruling the motion for protective order filed by plaintiff-appellant, Indiana Insurance Company. The trial court found that appellant waived its right to assert the attorney-client privilege, thereby ordering appellant to produce documents which it claims to be protected through the attorney-client privilege and the work-product doctrine.
Defendant-appellee, Shelley Tippett, argues that the trial court ordered appellant to produce the documents, pursuant to an in camera inspection and, therefore, contends that the trial court's decision is not a final appealable order. As well, appellee has filed a motion to dismiss, raising the identical issue.
Appellant presents the following assignment of error:
 The Trial Court erred by overruling Indiana's motion for protective order and ordering Indiana to produce privileged documents.
We will first address the jurisdictional issue of whether the trial court's decision and entry, ordering appellant to produce all previously requested documents, is a final appealable order, as defined in R.C. 2505.02.
Here, appellee contends that the trial court's decision and entry merely order appellant to submit the documents at issue to the court for an in camera inspection. We would agree, as would appellant, that, if this were so, we would be compelled to dismiss this action as premature since such a decision and entry would not be final and, therefore, not appealable.
The case law is clear; an order compelling an in camera
inspection is not a final appealable order. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 663. However, we find that the trial court's decision and entry does not order an in camera inspection; to the contrary, the trial court made a specific finding that appellant waived its right to assert the attorney-client privilege. Therefore, we look to R.C.2505.02 for determination of whether the decision and entry is appealable at this time.
R.C. 2505.02(4)(a) and (b) provides as follows:
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including * * * discovery of privileged matter." Therefore, the trial court's order is a final order as defined in R.C. 2505.02 and thereby appropriate for an appeal. Appellee's motion to dismiss is overruled.
Next, we will address whether the trial court erred in finding appellant has waived its right to assert the attorney-client privilege.
Certain aspects of the relevant discovery history are disputed and, for purposes of our decision in this case, we need at this time only to review the history relied upon by the trial court in making its decision:
 * * * [1] On February 12, 1998, Defendant Tippett served Plaintiff Indiana with written interrogatories and requests for production of documents. * * *
 [2] On March 17, 1998, * * * Defendant Tippett filed a Motion to Compel Discovery pursuant to the provision of Civil Rule 37.
 [3] Attached to that motion was a copy of a March 16, 1998 letter to Ronald Koltak from Thomas M. Green stating that "[w]e will have responses to your discovery requests to you within two weeks."
 [4] * * * On April 10, 1998, * * * Plaintiff Indiana tendered its discovery responses.
 [5] The response to the document production request was simply that Plaintiff would produce all non-privileged documents at a time and place to be mutually agreed upon, together with objections. No documents were produced at that time.
 [6] On April 20, 1998, Defendants Hardgrove and Cousin's filed an affidavit of George E. Hardgrove, Jr. in which Mr. Hardgrove stated that, despite his compliance with Plaintiff Indiana's discovery requests, his request for production of documents filed October 23, 1997 remained unanswered by Plaintiff.
 [7] On April 24, 1998, Plaintiff's counsel delivered some documents to counsel for Defendants.
 [8] On May 13, 1998 (filed May 14, 1998), this Court granted Defendant Tippett's Motion to Compel Discovery and ordered Plaintiff to respond to Defendant's requests by May 29, 1998, "or sanctions will be imposed in accordance with Civil Rule 37."
 [9] On May 28, 1998, for the first time in this protracted discovery dispute, Plaintiff Indiana filed a motion for protective order.
 [10] On June 1, 1998, Plaintiff Indiana filed supplements to its earlier interrogatory answers.
Upon the above facts, the trial court made the following findings and orders:
 The Court finds that Plaintiff Indiana's position was essentially that it would produce documents when it wanted to. It was only after this Court, by its May 13, 1998 Order, ordered it to comply with discovery that Plaintiff filed a motion for protective order.
 The Court finds that Plaintiff Indiana has shown a total disregard for this Court and its orders. In addition, the Court finds that by its failure to raise its attorney-client privilege claim appropriately, it has waived its right to assert it and the attorney-client privilege has been waived.
* * *
 It is, therefore, ORDERED that Plaintiff Indiana produce all documents which are called for in the discovery previously served by Defendants to the Court within seven (7) days of this Order.
 It is further ORDERED that Plaintiff Indiana pay the sum of Seven Hundred Fifty Dollars ($750.00) as attorney fees as and for sanctions for its failure to appear as aforesaid.
R.C. 2317.02(A) provides when and how the attorney-client privilege may be waived:
The following persons shall not testify in certain respects:
 (A) An attorney, concerning a communication made by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421
[2151.42.1] of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject[.]
Generally, this process has been held to be the exclusive means by which privileged communications directly between attorney and client can be waived. State v. McDermott (1995),72 Ohio St.3d 570; but, see, Moskovitz, exceptions in proceedings for pre-judgment interest pursuant to R.C.1343.03(C).
We find nothing in the record or in the trial court's findings of fact that would lead us to conclude that appellant waived its attorney-client privilege. A motion to invoke the privilege filed May 28, 1998, was timely and proper, and, further, none of the conditions for waiving the privilege are present.
Last, there is an ancillary issue presented by the trial court's decision and entry. The court ordered appellant to pay $750 as attorney fees as and for sanctions for its failure to appear at the hearing. We find the trial court erred by imposing sanctions on appellant.
Due process requires notice of a hearing, and a court may only speak through its writings as filed and journalized.Carter v. Johnson (1978), 55 Ohio App.2d 157, 162, citingFountain v. Pierce (1931), 123 Ohio St. 609; State ex rel. Ruthv. Hoffman (1947), 82 Ohio App. 266. Here, the record is void of any written notice or agreement of the hearing on July 7, 1998. Further, the record does not contain a transcript or another indication that a hearing occurred. Therefore, under these circumstances, we find it was an error to so sanction appellant for his failure to attend.
Therefore, for the reasons set forth, we overrule appellee's motion to dismiss and sustain appellant's sole assignment of error. Accordingly, we reverse the July 7, 1998 decision and entry of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
Motion to dismiss overruled; Judgment reversed and remanded.
BRYANT and PETREE, JJ., concur.