Appellant, David M. Hess, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his conviction of involuntary manslaughter.
On June 1, 1998, appellant pled guilty to one count of involuntary manslaughter based on the underlying offense of endangering children in the death of a six-year-old child. On July 17, 1998, the trial court imposed upon appellant a sentence of ten years imprisonment, which is the maximum sentence for the offense allowed by statute.
Appellant appeals, assigning two assignments of error:
 I. THE TRIAL COURT'S FINDINGS AT THE SENTENCING HEARINGS ARE NOT SUFFICIENT TO COMPLY WITH THE REQUIREMENTS OF SECTION 2929.19(B)(2)(d) OF THE REVISED CODE.
 II. THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE IN THIS CASE IS ERROR AS IT FAILED TO PROPERLY CONSIDER THE CRITERIA OF SECTION 2929.19(B) (C) (E) OF THE REVISED CODE.
In his first assignment of error, appellant asserts that the trial court erred by imposing the maximum prison sentence allowed in this case without listing mitigating factors that exist or do not exist in this case and explaining why any mitigating factors that do exist in this case do not have sufficient weight to reduce the appropriate sentence. We agree.
R.C. 2929.14(C) provides that a trial court has discretion in a sentencing hearing to impose the maximum prison sentence authorized by statute for an offense under consideration when the offender committed the worst form of the offense, or where the offender poses the greatest likelihood of committing future crimes.
However, such discretion is not unbridled; the discretion vested with the trial court in a sentencing hearing is confined by certain statutory requirements. State v. Spillman (Feb. 10, 1998), Franklin App. No. 97APA07-929, unreported (1998 Opinions 251, 257). Specifically, the trial court must consider factors listed in R.C. 2929.12(B), (C), (D) and (E).
R.C. 2929.12(B) requires the trial court to consider whether the offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) requires the trial court to consider whether mitigating factors exist to support a conclusion that the offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) require the trial court to consider the likelihood of the offender's recidivism. Once a trial court decides to impose the maximum prison sentence allotted for an offense, the trial court must give its reasons for selecting the sentence. R.C.2929.19(B)(2)(d).
In order for an appellate court to adequately review the trial court's reasons for selecting the maximum prison sentence, as well as the trial court's consideration of the seriousness of the offense, we conclude that a trial court making the sentencing determination must list those factors set forth in R.C. 2929.12(B), (C), (D) and (E) that are present in the case under review. After making such a list, the trial court must explain how an analysis and a weighing of those factors support an imposition of the maximum prison sentence as allowed under R.C. 2929.14(C). Without such an analysis, an appellate court is unable to determine whether the trial court in a sentencing hearing fulfilled its obligation to consider those factors specified under R.C. 2929.19(B), (C), (D) and (E).
Additionally, we note that, as an aid to appellate review, the better practice would be for the trial court to analyze the seriousness of the offense as noted above in the judgment entry. See Carter v. Johnson (1978), 55 Ohio App.2d 157, 162, citing Fountain v. Pierce (1931), 123 Ohio St. 609 (noting that a court speaks through its judgment entries). At a minimum, the trial court should outline clearly in the record the analysis noted above.
In this case, the trial court acknowledged that mitigating factors may exist in this case to support a conclusion that this case was not the most serious offense. However, the trial court specifically did not mention which mitigating factors in this case it accepted or rejected. Additionally, the trial court did not explain why any existing mitigating factors were not of sufficient weight to reduce the maximum sentence. Therefore, we conclude that the trial court erred by not providing the requisite analysis noted above to allow adequate appellate review in this case. As such, we sustain appellant's first assignment of error.
Appellant's second assignment of error concerns the factors relied upon by the trial court to conclude that appellant's conduct was serious enough to justify the implication of a maximum prison sentence. Appellant asserts that the factors relied upon by the trial court to impose the maximum prison sentence had already been taken into account as to the offense to which he pled guilty. Therefore, according to appellant, the trial court could not rely upon such factors noted above when deciding whether appellant's conduct was more serious than conduct normally constituting the offense of involuntary manslaughter based on the underlying offense of endangering children. We disagree.
In this case, as noted above, the trial court must consider the seriousness of the offender's conduct before imposing a maximum prison sentence for the offense of involuntary manslaughter based upon the underlying offense of endangering children. See R.C. 2929.12(B) and (C).
One of the factors the trial court relied upon to justify the imposition of a maximum sentence was the fact that the victim's physical injuries were exacerbated because of the victim's age. R.C. 2929.12(B)(1). We acknowledge that the victim's age is a factor in all cases involving endangering children. See R.C.2919.22 (noting that a person with supervision or control over a child who creates a substantial risk to the health or safety of a child under eighteen years of age is guilty of endangering children). However, we conclude that a trial court is not precluded from examining the victim's age when considering the seriousness of the offense concerning children, as required under R.C. 2929.12(B) and (C). For example, a trial court considering a sentence in an offense concerning children, like endangering children, may properly consider whether an offender's conduct is more serious than conduct normally constituting such an offense based on the fact that the victim is a six-year-old child, or an infant, rather than an adolescent.
Another factor the trial court relied upon to justify the imposition of a maximum sentence was the fact that the victim suffered serious physical harm, which in this case resulted in death. R.C. 2929.12(B)(2). We acknowledge that a victim's death is a factor in all cases involving involuntary manslaughter. See R.C. 2903.04 (noting that a person who causes the death of another as a proximate result of committing or attempting to commit a felony is guilty of involuntary manslaughter). However, we conclude that a trial court is not precluded from examining the physical injuries causing death when considering the seriousness of offenses concerning a victim's death as required under R.C. 2929.12(B) and (C). For example, a trial court considering a sentence in an offense concerning the victim's death, like involuntary manslaughter, may properly consider the seriousness of the offense based on the extent and magnitude of bodily trauma and injuries leading to the victim's death.
The final factor that the trial court relied upon to justify the imposition of a maximum sentence was the fact that the relationship between the victim and appellant facilitated the offense. R.C. 2929.12(B)(6). We acknowledge that the relationship between the victim and the offender is a factor in cases involving endangered children. R.C. 2919.22. We recognize that this factor alone may not justify a conclusion in this case that appellant's conduct is more serious than conduct normally constituting involuntary manslaughter based on the underlying offense of child endangering. However, we conclude that a trial court is not precluded from examining this factor when deciding the seriousness of the offense as required under R.C. 2929.12(B) and (C). For example, the trial court considering a sentence in an offense concerning the relationship between the offender and the victim, like child endangering, may properly consider the seriousness of the offense based on whether the victim was highly dependent or vulnerable in the relationship with the offender.
Furthermore, we note that the trial court does not elevate the mental culpability of the offense under review in this case by examining the factors under R.C. 2929.12(B), (C), (D) and (E) when considering an appropriate sentence. Ultimately, appellant will be sentenced within the range statutorily provided for the offense for which he was convicted. Thus, the trial court is examining the facts and circumstances of the case to determine the seriousness of the offense so that an appropriate sentence can be imposed within the ranges set for involuntary manslaughter convictions.
Because we concluded in this case that the trial court needs to list all the factors set forth in R.C. 2929.12(B), (C), (D) and (E) that are present in the case under review, as well as to explain how an analysis and weighing of those factors in the case support an imposition of the maximum sentence, we do not address whether the trial court erred in imposing the maximum prison sentence upon appellant. However, we conclude that the trial court is not precluded from considering the factors noted above in determining the seriousness of the offense. SeeSpillman, at 259 (noting that a trial court must be able to analyze the particular facts of the case to determine whether the offender's conduct constitutes one of the worst forms of the offense upon which the offender is being sentenced). Therefore, we overrule appellant's second assignment of error.
In summary, we sustain appellant's first assignment of error and overrule appellant's second assignment of error. As such, we reverse the trial court's judgment and remand this case for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
DESHLER and BOWMAN, JJ., concur.