OPINION
Defendant-appellant, David C. Korn, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, whereby the trial court overruled appellant's objections to the magistrate's decision of October 8, 1998.
In its decision of October 8, 1998, the magistrate found appellant in contempt for failure to pay child support. The magistrate established appellant's child support arrearage at $19,476.13. Appellant was sentenced to thirty-days imprisonment. However, the sentence was suspended on the condition that appellant purge his contempt by liquidating his arrearage at $501 per month, plus processing charge. Appellant timely filed objections to the magistrate's decision. The trial court overruled the objections.
Appellant appeals, raising five assignments of error:
ASSIGNMENT OF ERROR # 1
 THE TRIAL COURT ERRED IN ESTABLISHING THE CHILD SUPPORT ARREARAGE IN THE AMOUNT OF $19,476.13.
ASSIGNMENT OF ERROR # 2
 THE TRIAL COURT ERRED IN ITS REFUSAL TO CORRECT THE $16,550.00 ARREARAGE ESTABLISHED IN THE AUGUST 8, 1990 AGREED ENTRY THROUGH THE EXERCISE OF THE COURT'S EQUITY POWERS.
ASSIGNMENT OF ERROR # 3
 THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THERE WAS NO FACTUAL BASIS FOR THE CALCULATIONS PERFORMED BY ELIZABETH FOSTER DURING HER TESTIMONY.
ASSIGNMENT OF ERROR # 4
 THE TRIAL COURT ERRED IN ITS REFUSAL TO GRANT DEFENDANT A CREDIT TOWARD HIS CHILD SUPPORT ARREARAGE IN LIEU OF CHILD SUPPORT THAT WOULD HAVE OTHERWISE BEEN PAYABLE BY PLAINTIFF, AS ORDERED IN THE REPORT OF THE REFEREE FILED ON NOVEMBER 6, 1990.
ASSIGNMENT OF ERROR # 5
 THE TRIAL COURT ERRED IN ITS DETERMINATION THAT BECAUSE DEFENDANT IS A DULY LICENSED PHYSICIAN, THE DEFENDANT HAS THE ABILITY TO PAY A $501.00 MONTHLY LIQUIDATION ORDER, REGARDLESS OF THE FACTS AND TESTIMONY PRESENTED AND THE TOTAL LACK OF EVIDENCE CONTRARY TO THAT TESTIMONY.
Initially, we note that appellee has filed a motion to dismiss this appeal. In her motion to dismiss, appellee argues that we should dismiss appellant's appeal and require appellant to pay reasonable attorney fees and expenses incurred by appellee and the Franklin County Child Support Enforcement Agency on the basis that the appeal is patently frivolous. We disagree.
An appeal is frivolous where it presents no reasonable question for review. Talbott v. Fountas (1984), 16 Ohio App.3d 226. In this case, whether the facts and circumstances of appellant's case indicate that he is entitled to a modification of the arrearage amount established in October 1998, poses a reasonable question for review. As well, whether the facts of this case compel the trial court to use its equity powers to modify the arrearage amounts established in the August 1990 and July 1994 agreed judgment entries poses a reasonable question for review. Accordingly, even if a motion to dismiss is an appropriate response to an allegedly frivolous appeal, we conclude that appellant's appeal is not frivolous and overrule appellee's motion to dismiss.
As such, we will address the merits of appellant's appeal beginning with the second and fourth assignments of error. Appellant's second and fourth assignments of error concern the August 1990 and July 1994 agreed judgment entries, which were used in establishing the October 1998 arrearage amount. Appellant asserts that the child support arrearage amount of $16,550, established in the August 1990 agreed judgment entry, is based on a mathematical error. As well, appellant argues that the July 1994 agreed judgment entry, establishing an arrearage amount of $18,057.12, failed to reflect a credit granted to him in a prior referee's report. Accordingly, appellant claims that the trial court erred in not using its equity powers to modify the allegedly incorrect arrearage amounts established in the August 1990 and July 1994 judgment entries. We disagree.
A court will utilize its equity powers where a party has shown "conscience, good faith and reasonable diligence. Where these are wanting, the court is passive and does nothing." Stateex rel. Case v. Indus. Comm. (1986), 28 Ohio St.3d 383, 385, quoting Piatt v. Vattier (1835), 34 U.S. 405, 416-417. Thus, equity "aid[s] the vigilant, and not those who slumber on their rights." Case, at 385.
In this case, appellant did not timely pursue any of his legal remedies to seek modification of the arrearage amounts in the August 1990 and July 1994 agreed judgment entries. Appellant had the option of filing a Civ.R. 60(B) motion to seek modification of the arrearage amounts in the agreed judgment entries up to one year after the entries were entered. Although appellant timely filed Civ.R. 60(B) motions on the August 1990 and July 1994 agreed judgment entries, he withdrew the motions prior to the hearings for the motions and never refiled the motions within the requisite time period. Appellant claims that he did not timely file Civ.R. 60(B) motions, challenging errors in the arrearage amounts established in the August 1990 and July 1994 agreed judgment entries, because he did not become aware of the alleged errors until his current counsel made a "global examination" of the record in 1996. However, we conclude that such a "global examination" was not needed for appellant to discover the alleged errors; rather, the opportunity to discover the alleged errors existed when the agreed judgment entries were entered. The arrearage amounts were stated in the agreed judgment entries. Additionally, appellant and his counsel signed the August 1990 agreed judgment entry. Accordingly, we find that appellant, who was represented by counsel when both entries were entered, failed to provide a valid explanation for his failure to pursue Civ.R. 60(B) relief from the arrearages established in the July 1994 and August 1990 agreed judgment entries before the requisite time period expired. Thus, we conclude that appellant's equity claim cannot stand in light of his failure to be vigilant in asserting his rights.
Nonetheless, considering the merits to appellant's claim indicates that the trial court did not err in failing to use its equity powers to modify the arrearage amounts in the August 1990 and July 1994 agreed judgment entries. A party asking a court to utilize its equity powers must make a case that can commend itself to the conscience of the court. Kellog v. Ely (1864), 15 Ohio St. 64,66.
In this case, we conclude that appellant has not established that the arrearage amounts in the August 1990 and July 1994 agreed judgment entries were erroneous. Appellant presented no testimony regarding the terms of the agreed judgment entries. As well, there was no testimony concerning the circumstances that the agreed judgment entries covered. Thus, any finding that the arrearage amounts in the judgment entries were erroneous, rather than the product of a voluntary agreement, would be based on speculation. Accordingly, we overrule appellant's second and fourth assignments of error.
Appellant's first assignment of error concerns the trial court's decision to overrule appellant's Civ.R. 53 objections to the magistrate's October 1998 decision establishing appellant's child support arrearage at $19,476.13. Appellant notes that the October 1998 arrearage amount is based on the allegedly incorrect arrearage amounts established in the August 1990 and July 1994 agreed judgment entries. Accordingly, appellant claims that the October 1998 arrearage amount is erroneous and needs to be modified. We disagree.
As noted above, appellant has not established that the arrearage amounts in the August 1990 and July 1994 agreed judgment entries were erroneous. As a result, the agreed judgment entries remain valid entries that cannot be ignored when calculating current arrearages. See Carter v. Johnson (1978), 55 Ohio App.2d 157,162 (recognizing that a court speaks through its judgment entries). Accordingly, we conclude that the trial court did not err in calculating appellant's child support arrearage at $19,476.13 in October 1998, and overrule appellant's first assignment of error.
Appellant's third assignment of error concerns testimony by Elizabeth Foster. Appellant attempted to prove error in the October 1998 arrearage amount by having Franklin County Child Support Enforcement Agency Client Affairs Officer Elizabeth Foster enter calculations as dictated by appellant. Both the magistrate and the trial court concluded that there was no factual basis for the calculations made by Elizabeth Foster. Appellant asserts that Elizabeth Foster's calculations should not have been discounted. We disagree.
The record shows that the calculations contained errors and were computed by leaving out gaps of time. As well, the calculations appear inaccurate because they were made without a showing as to when appellant had custody of the children. Therefore, we conclude that both the magistrate and the trial court did not err in finding that there was no factual basis for the calculations performed by Elizabeth Foster and overrule appellant's third assignment of error.
In his fifth assignment of error, appellant claims that the trial court erred in finding that appellant has the ability to pay $501 per month as a liquidation order. We disagree. Appellant bears the burden of proving that he is unable to pay court-ordered child support. Rinehart v. Rinehart (1993),87 Ohio App.3d 325, 328. In this case, appellant has not established that he is unable to pay the $501 per month. For example, appellant has not shown that he is under extraordinary financial obligations or extreme financial hardship due to factors outside his control. Additionally, appellant has not offered any testimony that he is unable to become gainfully employed. Furthermore, we recognize that the trial court only ordered appellant to pay one dollar more than the $500 he previously agreed to pay in the July 1994 entry. Accordingly, we overrule appellant's fifth assignment of error.
In summary, appellee's motion to dismiss and appellant's five assignments of error are overruled, and the judgment of the trial is affirmed.
Motion to dismiss overruled; Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.