OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Gary E. Dwyer, Jr., appeals from the trial court's decision to deviate from the minimum sentence for aggravated vehicular homicide.
On March 28, 2000, the Lake County Prosecutor's Office filed an information against appellant containing two counts. On April 19, 2000, appellant waived prosecution by indictment and requested that the charges proceed by information. Also on April 19, 2000, appellant entered a written plea of guilty to: Count One, aggravated vehicular homicide, a felony of the third degree, in violation of R.C. 2903.03; and Count Two, aggravated vehicular assault, a felony of the fourth degree, in violation of R.C. 2903.08. Each count contained a specification, pursuant to R.C.2903.07, charging that at the time of the offense, appellant was operating a motor vehicle while under the influence of alcohol. The court accepted the written plea, deferred sentencing, and referred the matter to the Lake County Adult Probation Department for the preparation of a presentence investigation report. A victim impact statement was also ordered.
On May 15, 2000, appellant was sentenced to serve a prison term of four (4) years on Count One and eighteen (18) months on Count Two, to be served concurrently. Appellant's driver's license was permanently suspended and mandatory post-release control was ordered. At the time of sentencing, appellant had no prior felony convictions and had not served a prison term.
From this judgment appellant filed a timely appeal assigning the following error:
 "[1.] The trial court erred in sentencing appellant on the aggravated vehicular homicide count by: (a) failing to impose the minimum sentence as required by Revised Code Section 2929.14(B) ; and (b) imposing a near maximum sentence in contravention of Revised Code sections 2929.14(C) and 2929.19(B)(2)(e)."
 Pursuant to R.C. 2953.08, this court will not disturb appellant's sentence unless we find, "by clear and convincing evidence that either the record does not support the sentence or that the sentence is otherwise contrary to law." State v. Thomas (July 16, 1999), Lake App. No. 98-L-074, unreported at 4, quoting State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported.
Appellant argues that because he has no prior felony convictions, R.C.2929.14 mandates that the trial court either: (1) sentence appellant to a minimum one year prison term or (2) make one of the statutory findings required, pursuant to R.C. 2929.14(B), to impose a greater sentence. Appellee argues that the court, in fact, did find that a one year sentence would demean the seriousness of the offense.
For the reasons set forth below, we conclude that the trial court's decision to sentence appellant to a prison sentence of four years on the charge of aggravated vehicular homicide comported with the dictates of R.C. 2929.14(B). Since appellant had not previously served a prison term, the trial court was required to either sentence appellant to the statutory minimum sentence or make an express finding, on the record, that the shortest prison term: (1) would demean the seriousness of the offender's conduct; or (2) would not adequately protect the public from future crime by the offender or others. See, e.g. R.C. 2929.14(B); Statev. Edmonson (1999), 86 Ohio St.3d 324, syllabus; State v. South (June 23, 2000), Portage App. No. 98-P-0050, unreported.
In the instant case, the trial court's judgment entry contained the following finding: "The Court finds pursuant to Revised Code section2929.14(B) that the shortest prison term will demean the seriousness of the Defendant's conduct." This finding comports with R.C. 2929.14(B), the Edmonson decision supra, and this court's application thereof.[1]
Appellant's conduct was quite serious; while driving under the influence of alcohol, appellant caused the death of Paul R. Sherman and caused serious physical harm to Sheila A. Fowler.
The trial court did not sentence appellant to the maximum sentence for aggravated vehicular homicide.[2] Hence, R.C. 2929.14(C) and 2929.19(B)(2)(e), which govern maximum sentences, are inapplicable to the case sub judice. Appellant's argument that R.C. 2929.14(C) and R.C.2929.19(B)(2)(e) should apply to near maximum sentences and maximum sentences contradicts the plain language of these statutes and is not supported by case law.
Additionally, appellant argues that, because he is confined to a wheelchair and requires continued rehabilitation, the sentence imposed by the trial court violates R.C. 2929.13(A), which provides, in part, that a sentence shall not impose an unnecessary burden on state or local government resources.
However, since "[a] silent record raises the presumption that the trial court correctly considered the appropriate sentencing criteria," we presume that the trial court considered appellant's physical condition as well as his continued need for physical therapy when it considered appellant's sentence. State v. O'Dell (1989), 45 Ohio St.3d 140, 147. Appellant's sole assignment of error lacks merit.
Based on the foregoing reasons, the judgment of the trial court is affirmed.
 ___________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., GRENDELL, J., concur.
[1] We note that two cases cited by appellant in support of his argument that the trial court erred by failing to outline its analysis in the record, specifically State v. Hess (May 13, 1999), Franklin App. No. 98AP983, unreported, and State v. Johnson (1978), 55 Ohio App.2d 157, were decided by the tenth district prior to the Ohio Supreme Court's decision in Edmonson, and, thus, are not binding authority upon this court.
[2] Pursuant to R.C. 2903.06(B)(1)(b), aggravated vehicular homicide is a felony of the third degree. Felonies of the third degree are punishable by a prison term of one to five years. 2929.14(A)(3). As such, appellant's sentence of four years is more than the minimum, but less than the statutory maximum.