OPINION
Appellant, Ross L. Halstead, appeals the decisions of the Girard Municipal Court awarding judgment in favor of appellee, Kenneth Miller, and failing to vacate said judgment entry.
On March 30, 2000, appellee filed a complaint against appellant for personal injuries, assault, battery, punitive damages, and other relief. On April 28, 2000, appellant filed an answer denying appellant's allegations. A pre-trial hearing was scheduled for June 9, 2000. The file contains a notice of the hearing, which is not time stamped. The trial court's docket shows that the case was set for pre-trial on June 9, 2000, at 9:00 a.m. Despite this, appellant claims that he did not receive notice of the pre-trial hearing.
The pre-trial was held, on June 9, 2000, without appellant and/or his counsel being present. At the hearing, appellee offered evidence and moved for "default judgment." The file does not include a transcript of the hearing, but does contain appellee's medical records and bills. The trial court awarded judgment to appellee in the amount of $13,400, plus interest and costs. This decision was announced in two identical judgment entries: a handwritten journal entry, filed on June 9, 2000, and a typed judgment entry, filed on June 13, 2000.
On June 14, 2000, appellant filed a motion to vacate the trial court's previous judgment entry, pursuant to Civ.R 60(B), due to mistake or inadvertence which resulted in appellant not receiving notice of the pre-trial. His motion was overruled.
Appellant now assigns the following assignments of error:
 "[1.] The trial court erred to the prejudice of Defendant-Appellant in failing to properly notify the Defendant-Appellant of a pretrial."
 "[2.] The trial court erred to the prejudice of Defendant-Appellant in granting default judgment to the Plaintiff-Appellee."
 "[3.] The trial court erred to the prejudice of Defendant-Appellant in not vacating its June 9, 2000 and June 13, 2000 [judgment entries] upon filling a motion with the court."
 In appellant's first assignment of error, he contends that due process requires that a defendant be given a reasonable opportunity to be heard and reasonable notice of a pre-trial hearing. In response, appellee contends that appellant has failed to demonstrate that the court failed to notify the parties of the pre-trial hearing date.
The Civil Rules impose upon attorneys the task of serving pleadings, written motions, and other papers, while the court "generally acts and speaks only through its journal by means of orders." Ohio ValleyRadiology Assoc. v. Ohio Valley Hospital Assoc. (1986), 28 Ohio St.3d 118,124; citing William Cherry Trust v. Hofmann (1985), 22 Ohio App.3d 100;Carter v. Johnson (1978), 55 Ohio App.2d 157. "Civ.R. 5(A) does not require the service of an order unless the order is `required by its terms to be served.'" Id.
"* * * Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." Ohio Valley Radiology Associates,Inc. v. Ohio Valley Hospital Assoc. (1986), 28 Ohio St.3d 118, 124. "The court in Ohio Valley found that Civ.R. 5(A) did not contemplate or require that service of a notice from the court must necessarily be made upon the attorney of the record." Bletsch v. Bletsch (Nov. 30, 1990), Trumbull App. No. 90-T-4376, unreported, 1990 Ohio App. LEXIS 5229 at *7. In fact, it determined only that a party was entitled to some form of reasonable notice from the court." Id.
In the instant case, we conclude that the trial court's method of notice in the case was reasonable. A notice of hearing was prepared, mailed, and journalized.[1] The trial court's docket reflects that an entry was made on April 28, 2000, setting the instant case for pre-trial on June 9, 2000. Appellee's counsel received a copy of the hearing notice and a copy was also placed in the case file. Additionally, appellant's counsel concedes that the court attempted to contact him via telephone, but he asserts that he did not receive the message until after the hearing. Appellant's counsel also states that he received notice of the judgment entry, but did not receive the pre-trial hearing notice. While appellant may not have received actual notice of the pre-trial hearing, the entry of the hearing date on the trial court's docket provided appellant with constructive notice. Ohio Valley, supra. Thus, we conclude that the trial court took reasonable steps to notify appellant of the June 9, 2000 pre-trial hearing. Appellant's first assignment of error lacks merit.
In his second assignment of error, appellant contends that the trial court violated the requirements of Civ.R. 55 by granting a default judgment, without providing appellant with the proper notice required by the rule. Appellee argues that a trial court may award judgment where a defending party and counsel have failed to appear at a pre-trial hearing, so long as some testimony was offered. Additionally, appellee asserts that this court upheld Girard Municipal Court Loc.R.5, which provided that failure to appear at pre-trial conferences may result in adverse case disposition, in Bletsch v. Bletsch (Nov. 30, 1990), Trumbull App. No. 90-T-4376, unreported, 1990 Ohio App. LEXIS 5229.
Before addressing the merit of appellant's argument, we must first clarify the characterization of the trial court's action. This case involves a judgment, not a default judgment, pursuant to Civ.R. 55(A). A default judgment arises when the defendant fails to contest the allegations contained in the complaint. Ohio Valley, supra, at 121. In the instant case appellant filed an answer, including a general denial. Thus, Civ.R. 55(A) is inapplicable. "Because a default judgment under Civ.R.55(A) only applies to those uncontested cases where one party has `failed to appear or otherwise defend,' the notice requirements of Civ.R.55(A) have generally been held inapplicable to cases in which a defending party who has previously pleaded later fails to appear for a trial or pre-trial conference. Id. at 121.
Girard Municipal Court Loc.R.5, Section 4 previously provided "that judgment could be granted for failing to attend a scheduled pre-trial conference." Bletsch at *3. The trial court may grant judgment as a sanction, if the local rule authorizing the sanction is consistent with the Ohio rules of practice and procedure. Id. at *4; citingNewcomerstown Bd. of Edu. v. DeVolld (Apr. 9, 1982), Tuscarawas App. No. CA-1548, unreported. "Such a sanction for failure to appear is enforceable so long as it results in at least ex parte taking of evidence establishing the essential elements of the claim." Id. at *5. Our analysis in Bletsch, supra, was based on Girard Court Loc.R. 5, Section 4, which stated that judgment could be granted for failure to attend a pre-trial conference. However, Girard Local R. 5 currently states that "[i]n the event neither party nor their respective attorney's [sic] appear for the pretrial, the case will be dismissed without prejudice for want of prosecution." Thus, the Girard Local Rules no longer permit the trial court to grant judgment for failure to attend a pre-trial conference. Additionally, since the instant case involved a pre-trial conference not a trial, the court's holding in Ohio Valley RadiologyAssociates, Inc., supra, that a trial court can proceed with an ex parte
trial, is not applicable herein. Therefore, we conclude that while the Girard Municipal Court could have dismissed the case without prejudice or continued the case, it was not authorized to enter a judgment. Appellant's second assignment of error has merit.
In his third assignment of error, appellant argues that the trial court should have vacated its previous judgment entries once it was notified that appellant's absence at the pre-trial hearing was due to inadvertence and a mailing error. Because of our conclusion regarding appellant's second assignment of error, we decline to address appellant's third assignment of error.
Based on the foregoing analysis, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
JUDGE ROBERT A. NADER, O'NEILL, P.J., concurs in judgment only, GRENDELL, J., concurs.
[1] The file copy of the hearing notice is not time stamped.