FERRIE, APPELLEE, *v.*
FERRIE, APPELLANT.

( No. 1030—Decided July 1, 1981.)

*Mr. J. Richard McMannis,* for appellee.

*Mr. James L. Kimbler,* for appellant.

MAHONEY, J. This appeal is from a judgment of the Medina County Common Pleas Court granting the plaintiff a divorce. We reverse.

### Facts

Plaintiff Joseph Ferrie filed a complaint for divorce on May 2, 1980, claiming that the defendant, Edna Merle Ferrie, willfully resided separate and apart from the plaintiff in excess of one year. At the time the action was filed the plaintiff was a resident of Lodi, Ohio, while the defendant was living in California. On the date of filing, a copy of the complaint was sent to the defendant by certified mail. On May 28, 1980, that complaint was returned to the clerk of courts marked "unclaimed." The complaint was then sent to the same address by regular mail.

Defendant filed no answer but she did, in August 1980, file a motion to dismiss, claiming the service of process upon her to be insufficient. This motion was denied and the defendant took no further action in the case.

On December 4, 1980, a hearing was held before a referee in the Medina County Court of Common Pleas. The defendant did not appear. She claims that she was not given notice of the date of the hearing. The referee filed his report with recommendations. Eight days later, on December 12, 1980, the court adopted the referee's report and entered judgment on the case granting the plaintiff a divorce.

### Discussion

### Assignment of Error 1

"The judgment of the Medina County Common Pleas Court should be reversed because the court did not allow fourteen days to pass before it adopted .the referee's recommendations on December 12, 1980."

It is provided in Civ. R. 53(E)(2) that a party may file written objections to a referee's report within fourteen days. The purpose of this is to provide the parties with an opportunity to contest the report and for the court to independently evaluate it. This procedure is to insure that the judgment is that of the court and not simply the rubber-stamp of the referee's recommendations. See *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132 [74 O.O.2d 140]; and *Sobitz* v. *Sobitz* (March 2, 1977), Summit App. No. 8342, unreported.

In *Sobitz, supra,* this court stated that the fourteen day period must be allowed to afford the parties an opportunity to file objections to the referee's report before the court enters final judgment. Thus, by entering final judgment after only eight days, the court has shortened the time period for independent consideration and precluded the parties from filing any objections to the referee's report. It was error for the court to enter judgment before the expiration of the fourteen day period.

### Assignment of Error 2

"The decision of the Medina County Court of Common Pleas should be reversed because the referee's report of December 4 did not contain enough information to allow the court to independently determine whether the plaintiff should be granted a divorce."

The specific question raised by this assignment of error is whether the referee's report in a divorce action must include a statement showing the nature of the corroborating evidence in support of the prevailing party's testimony. As provided in Civ. R. 75(L), no judgment for divorce shall be granted upon the testimony of a party which is not supported by other credible evidence. In the case at bar the referee's report simply stated conclusions and made no mention of whether there was any "other credible evidence" to support those conclusions. We hold that the report must contain a brief summary of the underlying facts and corroborative testimony supporting the legal conclusion, that the plaintiff is entitled to a divorce.

Additionally, the report in this case simply stated the referee's conclusion that the defendant was guilty of willful absence from the marital home for over one year. In *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227 [14 O.O.3d 215], at page 230, the court stated that

"* * * when a referee's report contains a conclusion regarding an issue in the case, the facts that lead to that conclusion must also be included in the report."

Nowhere did the report contain the facts which led to this conclusion.

### Assignment of Error 3

"The decision of the Medina County Common Pleas Court should be reversed because the appellant was never legally served with process."

Appellant argues that she was never properly served with the divorce complaint. She claims that appellee should have followed the procedures for out of state service of process as outlined in Civ. R. 4.3(B)(1). However, appellant was served according to the procedures of Civ. R. 4.6(D). The rules are different. Civ. R. 4.3(B)(1) provides that once service by certified mail is returned indicating a failure of delivery, service will be deemed completed when the serving attorney files an affidavit with the clerk of courts showing the reasonable diligence utilized by him to ascertain the defendant's whereabouts. Civ. R. 4.6(D) requires that once the certified mail service is returned "unclaimed," the clerk shall send the complaint by ordinary mail to the same address.

We find that it was not error for appellee to utilize Civ. R. 4.6(D) rather than Civ. R. 4.3(B)(1). The service of process on an out of state defendant in a divorce action is provided for in R.C. 3105.06 which states that if the defendant is not a resident of this state, notice shall be given by publication as provided by the Civil Rules. Service by publication where the address of the defendant is known, is detailed in Civ. R. 4.4(B). It provides that if the defendant is not a resident of Ohio, service will be by the procedures of Civ. R. 4.3(B), as appellant argues. However, the rule goes on to say,

"If service of process cannot be effected under the provisions of this subdivision * * * *or Rule 4.6(D),* service of process shall proceed by publication." (Emphasis ours.)

Thus, Civ. R. 4.4 gives the plaintiff a choice to use either Civ. R. 4.3 or Civ. R. 4.6(D) in serving process.

This choice can also be seen in the Staff Note to Civ. R. 4.6(D) whose reasoning we adopt.

"When the serving attorney or party receives notice of the failure to claim certified mail from the clerk, he evaluates the situation and *chooses his course*. All appropriate methods of original service and the unclaimed certified mail procedure of Rule 4.6(D) are available. The serving attorney or party *makes his choice* and so directs the clerk by filing a written request." (Emphasis ours.)

Thus, appellee's use of Civ. R. 4.6(D) is fully authorized by the Rules of Civil Procedure and was proper in this case.

### Summary

We sustain the first and second assignments of error and overrule the third. We reverse and remand for further proceedings according to law.

*Judgment reversed.*

VICTOR, P.J., and BELL, J., concur.