**UNITED HOME FEDERAL, Appellee,**

v.

**RHONEHOUSE et al., Appellants;**

**M & R Development et al., Appellees.**

[Cite as *United Home Fed. v. Rhonehouse* (1991), 76 Ohio App.3d 115.]

Court of Appeals of Ohio,
Wood County.

No. 90WD069.

Decided Oct. 25, 1991.

---

*Richard R. Malone,* for appellee United Home Federal.

*Martin J. Witherell, Nicholas Iarocci* and *William Connelly,* for appellants William L. Rhonehouse, Patricia M. Rhonehouse, William J. Rhonehouse, and Veronica Rhonehouse.

*Steven R. Smith,* for appellee Kermit C. Rudolph.

HANDWORK, Presiding Judge.

This case is an appeal from the July 6, 1990 judgment of the Wood County Court of Common Pleas which denied appellants' motion to vacate a default judgment rendered against them in favor of appellee, United Home Federal, and denied appellants' motion to vacate a judgment of deficiency against them in favor of appellee, Kermit C. Rudolph, assignee of United Home Federal.

On appeal, appellants assert the following assignments of error:

"A.   Assignee Kermit C. Rudolph was not properly substituted in place of plaintiff United Home Federal as a party to this action, and lacks standing to execute upon or enforce the default judgment entered in favor of United Home Federal against the Rhonehouses.

"B.   Evidence of a defect or irregularity in service of process, being left unchallenged by plaintiff, is sufficient to overcome any presumption of valid service.

"1.   The uncontradicted statements under oath that William L. Rhonehouse and Veronica P. Rhonehouse did not receive service of plaintiff's complaint, coupled with plaintiff's failure to present contrary evidence, renders service of process defective.

"2.   Service of process upon a co-defendant does not constitute effective service of process upon defendants William L. Rhonehouse and Veronica P. Rhonehouse.

"3.   The attempted service upon Veronica P. Rhonehouse at an incorrect post office box address renders service of process upon her defective."

On April 17, 1985, United Home Federal filed a complaint against William L. Rhonehouse, Patricia M. Rhonehouse, William J. Rhonehouse, Veronica P. Rhonehouse (collectively referred to as the "Rhonehouses"), M & R Development, the Sylvania Savings Bank Company, William M. Valuck, Sandra J. Valuck, and Robert D. Rhonehouse, trustee. United Home Federal, successor to the United Savings and Loan Association, sought to recover monies due on the default of a promissory note in the amount of $127,100 executed by William L. Rhonehouse, Patricia M. Rhonehouse, William J. Rhonehouse, and Veronica P. Rhonehouse on May 15, 1981, and to foreclose on its mortgage on the property known as Lot No. 88 in Belmont Farms in Perrysburg, Ohio, recorded May 20, 1981, in Volume 583, Wood County, Ohio Mortgage Records at page 337. The other defendants also held an interest in the property. M & R Development held a mortgage executed by the Rhonehouses recorded in Volume 593 of Mortgages, page 665. The Sylvania Savings Bank Company held a judgment lien against William L. and Veronica P. Rhonehouse as of October 4, 1982 in the amount of $25,000. The Valucks were occupying the mortgaged premises. Robert Rhonehouse, trustee, was holder of legal title to the property.

Service of the complaint was made by a certified mail to William J. Rhonehouse, Patricia Rhonehouse, the Sylvania Savings Bank, M & R Development, Robert Rhonehouse, trustee, and Sandra Valuck. The certified mail return receipts for William L. Rhonehouse, Veronica Rhonehouse, and William Valuck were returned marked "unclaimed," according to the docket sheet in the record.

The Sylvania Savings Bank answered the complaint, asserting its judgment lien of $25,000 and requesting that the property be sold.

M & R Development answered the complaint and also filed a cross-claim against the Rhonehouses for default on a promissory note. The default judgment subsequently entered on the cross-claim has been set aside as void by the trial court because the Rhonehouses were not properly served notice of the cross-claim and this judgment is not involved in this appeal.

Upon notification of the failure of service by certified mail to the parties noted above, United Home Federal requested that service be made by ordinary mail. The clerk of court erroneously listed Veronica Rhonehouse's address as P.O. Box 3184 rather than P.O. Box 3194 as shown on the prior certified mail stubs and the complaint. None of these envelopes were returned marked "failure of delivery."

On July 5, 1985, United Home Federal filed its motion for default judgment against the Rhonehouses on the ground that they failed to plead or defend in

the action. The court found that service was made pursuant to Civ.R. 4.1(1) and therefore ordered a hearing on the motion.

On August 21, 1985, following a hearing on the matter, the court granted a default judgment to United Home Federal on its complaint against the Rhonehouses, the Valucks and Robert D. Rhonehouse, trustee. The court further found United Home Federal's mortgage to be first and ordered foreclosure and sale if the judgment was not paid within three days from the date of that order. The court also found that the Sylvania Savings Bank Company's judgment lien was junior to United Home Federal's mortgage. On August 21, 1985, an order of sale was requested by United Home Federal.

The property was subsequently sold to Kermit C. Rudolph (a general partner of M & R Development).

On October 22, 1985, United Home Federal assigned its judgment against the Rhonehouses to Kermit C. Rudolph.

On November 27, 1985, the trial court entered its judgment confirming the sale and ordered a deed to be issued to Kermit C. Rudolph. The court acknowledged that United Home Federal had assigned its judgment to Rudolph. The release of the mortgage lien of assignee United Home Federal and the release of the judgment lien of the Sylvania Savings Bank were ordered to be filed.

On May 28, 1986, Rudolph filed a motion for order of deficiency against the Rhonehouses with regard to the judgment obtained by United Home Federal. On the same day, the court ordered that Rudolph recover against the Rhonehouses $37,048.79 plus interest and costs. A judgment lien was filed on June 27, 1986.

On January 16, 1990, William L. Rhonehouse and Veronica Rhonehouse sought to vacate the default judgment in favor of United Home Federal and its assignee Rudolph on the ground that the judgment was void *ab initio*. Filed with this motion were affidavits in support. William L. Rhonehouse attested that in 1985 he resided at the address to which service was mailed and that he was not served with the summons or a copy of the complaint of United Home Federal. Veronica P. Rhonehouse attested that in 1985 she resided at 418 E. Esperanza, South Padra Island, Texas, and that she was not served with a summons or a copy of the complaint filed by United Home Federal.

William L. Rhonehouse and Veronica Rhonehouse argued in their memorandum in support of the motion to vacate that the default judgment was null and void because service was not properly made upon them. They argued that once they presented evidence that copies of the complaint were never actually

received, Rudolph, as assignee of United Home Federal, had the burden to show that William L. and Veronica Rhonehouse actually received notice. Furthermore, Veronica Rhonehouse argued that service upon her was not proper pursuant to Civ.R. 4.1 because a post office box address does not constitute a valid residence address for service process.

United Home Federal opposed the motion to vacate default judgment. United Home Federal argued that if service is attempted according to the Civil Rules, more proof than a denial of receipt of service is needed to rebut the presumption that service was made. Furthermore, United Home Federal argued that service upon Veronica Rhonehouse was proper because a summons and complaint were mailed to her post office box, which was also utilized to successfully serve her husband, William J. Rhonehouse. United Home Federal contends that Civ.R. 4.6(D) does not prohibit mail service to a post office box.

On February 27, 1990, William L. Rhonehouse and Veronica Rhonehouse filed their reply to United Home Federal's memorandum in opposition. In addition to their previous arguments, the Rhonehouses also argued that Rudolph is not a party to the action because United Home Federal did not file a motion to substitute him as a party pursuant to Civ.R. 25(C).

On February 28, 1990, Rudolph opposed the motion to vacate judgment. He argued (1) that service was proper because it was sent to the residence of each Rhonehouse defendant, (2) that William L. and Veronica Rhonehouse had notice of the claims because their spouses received service at the same address, (3) that William L. and Veronica never denied having notice of the claim, (4) that William L. and Veronica Rhonehouse did not timely file their Civ.R. 60(B) motion or state a meritorious defense to the action, and (5) that service to a post office box is permitted by Civ.R. 4.6(D). In addition, Rudolph argued that no formal motion to substitute him in place of United Home Federal is necessary under Civ.R. 25(C).

On March 9, 1990, William L. and Veronica Rhonehouse responded to the motion in opposition filed by Rudolph. William L. and Veronica Rhonehouse argued that they did not seek to vacate the judgment based on Civ.R. 60(B). Rather, they sought to vacate the judgment under common law, arguing that it is a void judgment. They argued that they merely sought to have the court recognize the judgment as a nullity. They also reiterated their prior arguments that Rudolph was not properly substituted as a party for United Home Federal.

On July 6, 1990, the trial court entered its journal entry denying the motion to void the default judgment previously granted to United Home Federal, as

well as the deficiency judgment awarded to United Home Federal and assigned to Rudolph.

On August 2, 1990, the Rhonehouses appealed the July 6, 1990 judgment of the trial court.

In their first assignment of error, appellants argue that Rudolph was not properly substituted as a plaintiff in place of United Home Federal and, therefore, lacks standing to enforce the default judgment in favor of United Home Federal. The trial court did not address this issue in its memorandum and decision.

Civ.R. 25(C) governs the substitution of parties. The rule reads as follows:

"(C) Transfer of credit. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (A) of this rule."

Civ.R. 25(A) provides that parties must be served notice in the manner provided in Civ.R. 5 and nonparties must be served notice in the manner prescribed by Civ.R. 4 through 4.6.

Clearly, the rule requires that a person move to be substituted in the action, and that the court has the discretion to grant of deny the motion. *Fountain v. Pierce* (1931), 123 Ohio St. 609, 614, 176 N.E. 444, 446. Accord 7C White, Miller & Kane, Federal Practice and Procedure (1986) 561, Section 1958, and *United States v. Transocean Air Lines, Inc.* (C.A.5, 1966), 356 F.2d 702.

The trial court in this case entered an order of deficiency against the Rhonehouses in the amount of $37,048.79 plus interest and costs in favor of Rudolph, the assignee. After appellants objected, the court did not vacate this order of deficiency.

It is clear that the court accepted the assignment of United Home Federal's judgment to Rudolph and substituted Rudolph for United Home Federal in this case because it did not vacate the order of deficiency. However, since neither party requested the substitution and notice was not given to appellants according to Civ.R. 25(C) of the potential substitution, the order of deficiency should not have been entered in favor of Rudolph.

Pursuant to App.R. 12(B), we hereby enter the judgment that the court should have entered. We hereby order that the judgment of deficiency be entered in favor of United Home Federal, instead of Rudolph.

Wherefore, we find appellants' first assignment of error well taken.

In their second assignment of error, appellants argue that the default judgment rendered against them in favor of United Home Federal was void *ab initio* because William L. Rhonehouse and Veronica Rhonehouse did not receive proper service of United Home Federal's complaint. William L. Rhonehouse stated by affidavit that he never received a copy of the complaint although it was mailed to his correct address. In addition to Veronica Rhonehouse's statement by affidavit that she did not receive a copy of the complaint, the record shows that service was attempted to be made upon her by certified mail to her post office box and by ordinary mail to an incorrect post office box address.

Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and to give them an opportunity to appear. *Samson Sales, Inc. v. Honeywell, Inc.* (1981), 66 Ohio St.2d 290, 293, 20 O.O.3d 277, 279, 421 N.E.2d 522, 524, citing *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873. See, also, *In re Foreclosure of Liens* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, at the syllabus. In addition, service of process must satisfy the requirements of Civ.R. 4 *et seq.* Proper service of process is needed before the court can render a valid default judgment. *Westmoreland v. Valley Homes Mut. Hous. Corp.* (1975), 42 Ohio St.2d 291, 293–294, 71 O.O.2d 262, 263–264, 328 N.E.2d 406, 408–409, and *Gen. Motors Acceptance Corp. v. Kollert* (1986), 33 Ohio App.3d 274, 275, 515 N.E.2d 959, 960. Therefore, a default judgment rendered by a court without personal jurisdiction over the parties is void. *Westmoreland, supra.* Cf. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.

A court has the inherent power to vacate a void judgment. *Patton v. Diemer, supra,* paragraph four of the syllabus. Therefore, a party who asserts that the court lacked personal jurisdiction over the party because services of process was not proper need not establish that the requirements of Civ.R. 60(B) have been met. *Id.* Accord *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417; *Akron Metro. Hous. Auth. v. Thompson* (July 25, 1990), Summit App. No. 14428, unreported, 1990 WL 106217; *Dairyland Ins. Co. v. Forgus* (1989), 58 Ohio App.3d 78, 79, 568 N.E.2d 1232, 1233; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156, 159, 19 OBR 246, 249, 483 N.E.2d 870, 873; *In re Miller* (1986), 33 Ohio App.3d 224, 515 N.E.2d 635; and *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188. Contra *Pittsburgh Hilton v. Reiss* (1985), 22 Ohio App.3d 134, 22 OBR 336, 489 N.E.2d 1066; *Duellman Elec. Supply Co. v. Greathouse* (Feb. 19, 1991), Butler App. No. CA–90–06–116, unreported, 1991 WL 21289;

and *Ideal Mobile Home Park, Inc. v. Black* (July 27, 1989), Cuyahoga App. No. 55591, unreported, 1989 WL 85143.

Civ.R. 4.3 governs the service of process upon appellants in the case before us. It requires that service be attempted first by certified mail, as was done in this case. Both certified mail receipts were returned "unclaimed." In that situation, appellee was required to comply with Civ.R. 4.6(D) for service of process. *J.R. Productions, Inc. v. Young* (1982), 3 Ohio App.3d 407, 409, 3 OBR 474, 475, 445 N.E.2d 740, 742, and *Ferrie v. Ferrie* (1981), 2 Ohio App.3d 122, 123, 2 OBR 136, 137, 440 N.E.2d 1229, 1231.

■ Civ.R. 4.6(D) requires that service then be made by ordinary mail, evidenced by a certificate of mailing. Service is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned marked "failure of delivery." See Civ.R. 4.6(D); *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212; *Grant v. Ivy, supra,* and *Sec. Natl. Bank & Trust Co. v. Murphy* (July 20, 1989), Clark App. No. 2552, unreported, 1989 WL 80954. We have interpreted Civ.R. 4.1 and 4.6(D) as requiring that the service by ordinary mail be sent to the same address as the attempted service by certified mail. *Household Retail Services, Inc. v. Colon* (July 5, 1991), Erie App. No. E–90–66, unreported, 1991 WL 122859. Obviously, if service is not made according to the Civil Rules, such service is improper and a valid judgment cannot be rendered against the defendant. See *id.*

■ Generally, a party's address listed on the complaint is presumed to be accurate. *J.R. Productions, Inc. v. Young, supra.* Service need not be made to the party's actual address so long as it is made to an address where there is a reasonable expectation that service will be delivered to the party. *Grant v. Ivy, supra,* 69 Ohio App.2d at 42, 23 O.O.3d at 35, 429 N.E.2d at 1190. See, also, *J.R. Productions, Inc. v. Young, supra* (service was made to the defendant's old address but the certified mail return receipt indicated that mail was being forwarded to the defendant's current address). We conclude, therefore, that service to a post office box is sufficient if it meets this test.

■ The courts are split with regard to the effect of an uncontroverted affidavit of a party, presumed to have been served, which indicates that the party was not actually served even though the Civil Rules regarding service were complied with.

Some courts have held that the trial court must determine whether sufficient competent and credible evidence of nonservice is presented where service was made to a correct address. If the court finds that the evidence of nonservice is insufficient, the default judgment must be found to be valid. *Sec. Natl. Bank & Trust Co. v. Murphy, supra.* In *Babcock Dairy Co., Inc.*

*v. Davis* (Aug. 12, 1983), Lucas App. No. L–83–142, unreported, 1991 WL 122859, we held that a party's unchallenged affidavit was sufficient to overcome the presumption of service. In that case, the party filed an uncontroverted affidavit stating that she did not sign the certified mail return receipt, that she had never received notification or notice of the lawsuit, and that the signature on the receipt was not her husband's handwriting or anyone else's that she knew.

Arguably, no reasonable expectation can arise if the address is incorrect and the party has no connection with the address. *Grant v. Ivy, supra,* 69 Ohio App.2d at 43, 23 O.O.3d at 35, 429 N.E.2d at 1190–1191. However, some courts still require the trial court to determine whether sufficient competent and credible evidence on nonservice is presented in cases involving service to an incorrect address. *Grant v. Ivy, supra;* and *Northeast Furniture Rental v. Shrimpton* (Nov. 10, 1983), Cuyahoga App. No. 46728, unreported, 1983 WL 2764.

However, this analysis conflicts with that found in *Rafalski v. Oates, supra,* where the court stated in dicta that an uncontroverted affidavit was sufficient in itself to require the default judgment to be found void *ab initio* because cases should be decided on their merits when possible. Other courts have reiterated this position. See *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 129, 521 N.E.2d 845, 848, and *Lin v. Reid* (1983), 11 Ohio App.3d 232, 235, 11 OBR 356, 359, 464 N.E.2d 189, 192. In addition, some courts have held that if the party presumed to have been served files an uncontroverted affidavit attesting that he was not actually served because the address was incorrect, the presumption of service is lost and any default judgment rendered would be void *ab initio* if there is no proof of actual service. *Nationwide Ins. Co. v. Mahn* (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096.

While some cases hold that an uncontroverted affidavit is sufficient to require the default judgment to be found void *ab initio,* these holdings do not prohibit the trial court from assessing competency and credibility. Therefore, we find that the trial court must determine whether sufficient evidence of nonservice was presented to find the default judgment void *ab initio.*

In the case before us, service upon William L. Rhonehouse was properly made pursuant to the Civil Rules. However, William L. Rhonehouse attested that he did not receive service. The trial court considered the affidavit along with the fact that William L. Rhonehouse's spouse received service of this lawsuit at the same address. The court concluded that William L. Rhonehouse actually did receive service. The court did not find that service upon the spouse was sufficient service with regard to William L.

Rhonehouse, as appellant suggests. The court merely concluded that this fact made, William L. Rhonehouse's affidavit less credible.

We find nothing in the record to suggest that the trial court erred in finding that William L. Rhonehouse received service of process in this case.

■■■ With regard to Veronica Rhonehouse, the ordinary mail envelope stated an incorrect address. Therefore, the ordinary mail service was made to an address different form the certified mail service. In addition, Veronica Rhonehouse states that she did not actually receive service. The evidence of nonservice is offset by the fact that there is no evidence that the ordinary mail service was returned.

We find that the court erred when if found that nonservice had not been proven in this case. When ordinary service is made to an incorrect address, after certified mail service to the correct address, and the party denies receipt of service, the evidence of notice of the lawsuit must be greater than that presented by appellee.

Wherefore, we find appellant's second assignment of error well taken in part.

Having found that the trial court did commit prejudicial error in part in this case, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part as stated above. Pursuant to App.R. 24, appellants are required to pay the court costs incurred in connection with this appeal.

*Judgment affirmed in part*
*and reversed in part.*

GLASSER, J., concurs.

ABOOD, J., dissents as to Assignment of Error No. 1 and concurs as to Assignment of Error No. 2.