OPINION
This is an appeal from the Portage County Court of Common Pleas. Appellants, Christopher T. Williams and Mary E. Williams, appeal from the judgment entry granting appellees, Robert J. and Jane E. Ludlum's motion for relief from judgment.
On September 3, 1996, appellants filed a complaint, along with discovery requests, against appellees in the Portage County Court of Common Pleas. The caption of the complaint pertaining to appellees read as follows:
 "Robert J. Ludlum 4313 Whitney Charleston Heights, S.C. 29405
"* * *
 "Jane E. Ludlum 4313 Whitney Charleston Heights, S.C. 29405 * * *"
The complaint alleged that appellants purchased a home from appellees located in Atwater, Ohio, and later discovered that the property had hidden and latent defects that appellants knew existed, but that they did not disclose. Appellants demanded the sum of $30,000 in damages along with punitive damages to be determined at trial, costs of the action and all other relief the court deemed appropriate.
The record reflects that service was perfected upon a "Robert Ludlum" on September 12, 1996, an improper party to the action. Service attempted on Jane E. Ludlum by certified mail was returned and marked unclaimed on October 1, 1996. The record is unclear as to whether there was any attempt to perfect service via regular mail. Hence, neither appellee responded to the complaint. The record further reveals that appellants perfected service of the complaint upon another couple with the same last name as appellees, who never owned the Atwater property. Apparently, Robert A. Ludlum and his wife, Kathie G. Ludlum, the couple served with the complaint, resided at the address mentioned in the caption of the complaint, and thus, were improperly served with the complaint. Appellants never perfected service on appellees.
On October 8, 1996, Robert A. Ludlum, the improper party to the action, wrote a letter to the Portage County Clerk of Courts informing her that he was not the individual mentioned in the complaint. Furthermore, he advised the clerk that he never resided in Atwater, Ohio. He indicated that with the exception of two years, he and his wife had always resided in South Carolina. He also notified the clerk that neither he nor his wife was involved in defrauding appellants. He explained that appellants served the wrong individuals. A copy of this letter was sent to appellants and their attorney.
Despite this letter, on November 15, 1996, appellants filed a motion for default judgment against appellee Robert J. Ludlum. Appellants were awarded a judgment against appellee Robert J. Ludlum on November 18, 1996, in the amount of $30,000, plus ten percent interest from September 3, 1996, along with costs of this action. Subsequently, on January 8, 1997, appellants filed a motion for default judgment against appellee Jane E. Ludlum. Appellants were given a judgment on January 9, 1997, against appellee Jane E. Ludlum for $30,000, plus ten percent interest from September 3, 1996, and costs of the action.
According to appellees, they were first notified of the court proceedings against them on October 30, 1997. Although they were not properly served with the complaint, after realizing that an action had been filed against them, they contacted a Portage County attorney.[1] Their attorney filed a motion for relief from judgment on December 3, 1997, pursuant to Civ.R. 4 and Civ.R. 60(A) and (B). In their motion, appellees asserted that they were entitled to a vacation of the judgment since the "application for relief was filed within a reasonable time from notification of [the] [j]udgment [of] October 30, 1997." On December 18, 1997, appellees filed a revised motion for relief from judgment. Appellants filed a brief in opposition to appellees' motion for relief from judgment on January 6, 1998. In a judgment entry dated February 2, 1998, the trial court granted appellees' motion to vacate the default judgment stating that:
 "[The] complaint was never served upon [appellees], but served upon persons having similar names. Those persons responded to the [c]ourt in writing that they were not the persons named in the complaint. Regardless, [appellants'] counsel filed a motion for default judgment, which was improperly granted by the [c]ourt.
 "It is plain from the pleadings that default judgment was entered against [appellees] improperly, as this [c]ourt never had personal jurisdiction over either [appellee]."
 Additionally, on February 20, 1998, appellees filed a motion for leave to plead for fourteen days to respond to the complaint, which the trial court granted on February 23, 1998. On March 2, 1998, appellants filed a timely notice of appeal that raised a single assignment of error:
 "The trial court erred in granting [appellees'] motion for relief from judgment."
 Appellants' sole contention is that the trial court erred in granting appellees' motion for relief from judgment. Appellants claim that appellees' motion failed to provide a meritorious defense, that the motion failed to specify their grounds for relief pursuant to Civ.R. 60(B), and that it was not timely filed.
Initially, we note that proper service of process is needed before a trial court can render a valid default judgment.Westmoreland v. Valley Homes Mut. Hous. Corp. (1975), 42 Ohio St.2d 291,293-294. If service is not made according to the Civil Rules, such service is improper and a valid judgment cannot be rendered against the defendant. Household Retail Services, Inc.v. Colon (July 5, 1991), Erie App. No. E-90-66, unreported, at 2, 1991 WL 122859. No reasonable expectation can arise if an address is incorrect and the party to the action has no connection with the address. Grant v. Ivy (1980), 69 Ohio App.2d 40, 42-43. Hence, a default judgment rendered by a court without personal jurisdiction over the parties is void. Stringer v. Stupar (Nov. 3, 1994), Cuyahoga App. No. 67357, unreported, at 1, 1994 WL 615009.
A court has the inherent power to vacate a void judgment.Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. However, Civ.R. 60(B) relief is limited to those circumstances when the court's judgment is voidable. Id. at 70. See, also, McIntyre v. Braydich (Dec. 5, 1997), Trumbull App. No. 96-T-5602, unreported, at 6. A party who asserts the defense that the court lacked personal jurisdiction over the party because service of process was not proper need not establish that the requisites of Civ.R. 60(B) have been met. United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115, 123. Therefore, those requirements will not be addressed in this opinion.
In the case sub judice, the record reflects that the actual appellees did not reside at 4313 Whitney in Charleston Heights, South Carolina, but Robert A. Ludlum and his wife, Kathie G. Ludlum, lived at that address. In fact, the record indicates that appellees actually lived in Summerville, South Carolina. Thus, the summons and complaint were mailed to an incorrect address and to the wrong parties. The record further reveals that the actual appellees had not received notice of the complaint against them until sometime in October 1997. Additionally, the Ludlum family residing in Charleston Heights, South Carolina informed the Portage County clerk's office, appellants and their attorney via letter that they were an incorrect party to the action. Upon a review of the record, this court determines that the evidence is not sufficient to conclude that service of process was properly made upon appellees. Accordingly, the trial court never had personal jurisdiction over appellees.
Additionally, appellants cite numerous case authority in their brief. However, all of those cases deal with situations where the complaint was properly served on the respective parties, but the parties failed to file any responsive pleadings. Thus, the cases are inapplicable to the instant matter.
As an aside, we would further note that in their brief appellants have made the general assertion that a Civ.R. 60(B) motion should be denied whenever the movant fails to attach evidential materials to his or her motion. Although the resolution of this issue is not dispositive of the merits of this case, this court notes that the movant is only required to submit material of an evidential quality in relation to the second and third prongs of the test set forth in GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146. However, as to the first prong of the GTE test, the meritorious defense requirement, the movant is only required to allege operative facts that would constitute a valid defense. 2 Klein, Browne and Murtaugh, Baldwin's Ohio Civil Practice (1988) 106, Section T 53.05(A).[2]
Furthermore, the Supreme Court of Ohio has also held:
 "It is true that neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20-21.
 Thus, in relation to the meritorious defense requirement, Civ.R. 60(B) does not contain any specific provision requiring appellees to submit evidential material, such as an affidavit, to support their motion for relief from judgment. Accordingly, even if appellants' Civ.R. 60(B) argument was properly before us, this aspect of their argument lacks merit.
Based on the foregoing analysis, appellants' assignment of error is without merit. The judgment of the Portage County Court of Common Pleas court is affirmed.
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] The record is unclear as to how appellees became aware that an action had been filed against them.
[2] Notwithstanding contrary dicta in some of the cases from this district on this general subject, the evidential requirement of the second and third prongs of the GTE test do not apply to the first prong of the test.