This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paul Parshall ("Parshall"), appeals from the decision of the Summit County Court of Common Pleas, which denied his motion to vacate default judgment. We affirm.
 I.
On January 2, 2001, Appellee, Stephen Haley ("Haley"), filed a complaint against Parshall and nine other defendants, alleging causes of action for declaratory judgment, fraudulent transfer, and for equitable relief. No responsive pleading was filed by Parshall; therefore, Haley filed a motion for default judgment against Parshall on April 4, 2001. The trial court granted the default judgment on April 6, 2001.
In the summer of 2001, Haley began attachment and/or garnishment proceedings in an attempt to collect on the default judgment against Parshall. Parshall requested a hearing, which was subsequently held on November 1, 2001. At the hearing, Parshall raised the issue that he had never been served with the complaint. The court granted Parshall leave to file a motion concerning the service issue, and Parshall then filed a motion to vacate the default judgment pursuant to Civ.R. 60(B).
A hearing on the motion to vacate was held before a magistrate on December 11, 2001. Parshall failed to appear for the hearing, although he was represented by counsel, who did appear on his behalf. The magistrate found "by highly compelling evidence" that Parshall's contention, that he was not served with notice of the original lawsuit, was "without any merit." The magistrate further found "[t]he overall convincing evidence is that Paul Parshall was served on two occasions with a summons and has failed to answer either."
Parshall filed objections to the magistrate's decision, specifically objecting to the finding that Haley had obtained service twice on Parshall. Parshall asserted that the finding was against the manifest weight of the evidence. Parshall failed to file a transcript of the December 11, 2001 hearing.[1] Therefore, the trial court was required to accept the magistrate's findings of fact and to review only the conclusions of law. See Hale v. Hale (Jan. 26, 2000), 9th Dist. No. 2935-M. Based upon its review, the trial court denied Parshall's motion to vacate. This appeal followed.
 II. Assignment of Error No. I "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT."
 Assignment of Error No. II
"THE DEFAULT JUDGMENT IS VOID AB INITIO."
As Parshall's first and second assignments of error are related, we address them together for ease of discussion. In his first assignment of error, Parshall asserts that the trial court erred when it denied his motion to vacate the default judgment pursuant to Civ.R. 60(B). The second assignment of error argues that the default judgment is void ab initio.
We begin our discussion by noting that a trial court's ruling on a motion to vacate judgment pursuant to Civ.R. 60(B) will be upheld absent an abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. An abuse of discretion is more than merely an error of judgment; instead, it connotes an attitude that is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Civ.R. 60(B) is not the exclusive means for a party to attack a default judgment when service of process of the original complaint is never completed. Rondy v. Rondy (1983), 13 Ohio App.3d 19, 21. When service of the complaint is incomplete, a resulting default judgment is void ab initio. United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 123. In that instance, "[a] court's authority to vacate a void judgment for lack of personal jurisdiction is derived from its inherent power as a court." Hayes v. Gradisher (Oct. 30, 1996), 9th Dist. No. 17791, at 4, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus.
Parshall failed to file the transcript of the magistrate's hearing, held on December 11, 2001, to support his objections. Civ.R. 53(E)(3)(b) provides, in pertinent part:
 "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Although Parshall timely objected to the magistrate's decision, he did not file the required transcript or affidavit. When a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings.Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177, at 4. Our review is limited to whether the trial court abused of discretion. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730.
The magistrate specifically found that credible evidence was presented that rebutted Parshall's contention that he did not receive service of the original complaint. Without a transcript or other record of the evidence properly before us, we cannot conclude that the trial court abused its discretion when it found that Haley had obtained service on Parshall. As such, the default judgment is not void, and the trial court did not abuse its discretion in affirming the magistrate's decision and denying Parshall's motion to vacate the default judgment. See Boggs v.Boggs (1997), 118 Ohio App.3d 293, 301.
Parshall's first and second assignments of error are overruled.
 Assignment of Error No. III "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A DAMAGES HEARING AND COMPOUNDED INTEREST UPON INTEREST IN ENTERING JUDGMENT AGAINST APPELLANT."
In his final assignment of error, Parshall asserts that the trial court failed to hold a hearing to determine the amount of the default judgment. In essence, Parshall attempts to challenge the default judgment itself. It is well-settled law that a motion for relief from judgment, pursuant to Civ.R. 60(B), is not a substitute for a timely appeal. Doe v.Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
App.R. 4(A) provides that a notice of appeal shall be filed within thirty days of the entry of judgment. The default judgment against Parshall was entered on April 6, 2001. He filed his motion to vacate over seven months later. Although Parshall filed his notice of appeal within thirty days of the denial of his Civ.R. 60(B) motion, the thirty-day period within which he could appeal the default judgment had passed. Parshall failed to file a timely appeal from the default judgment and instead challenged the default judgment in a Civ.R. 60(B) motion. He cannot now challenge the default judgment. See Morgan Auto Paint Co. v.Glassner, 9th Dist. No. 20811, 2002-Ohio-1751, ¶ 8. Accordingly, we decline to address his third assignment of error.
 III.
Having overruled Parshall's first and second assignments of error and having declined to address his third assignment of error, we affirm the decision of the Summit County Court of Common Pleas.
CARR, J., WHITMORE, J. CONCUR.
[1] Parshall originally filed a praecipe in this Court, requesting that a transcript of the December 11, 2001 hearing before the magistrate be made part of the record on appeal. Haley filed a motion to strike that praecipe. We ordered Parshall's praecipe stricken from the record because the judgment entry from which Parshall appealed clearly stated that he failed to file the transcript with the trial court. The record on appeal may only contain matters that were actually before the trial court. Because the transcript was not before the trial court, it is not properly part of the record on appeal.