OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Doris Justice, appeals the decision of the Mahoning County Court of Common Pleas granting the motion to dismiss for failure to prosecute in accordance with Civ.R. 25(A)(1) filed by Defendant-Appellee, Ernest LeSueur. We are asked to decide whether the trial court properly dismissed this action for that reason. We conclude the mandatory language in Civ.R. 25(A)(1) required Justice to substitute the proper party within ninety days following the suggestion of LeSueur's death. Because Justice did not timely substitute the proper party, the trial court had no choice but to dismiss the action. Therefore, its decision is affirmed.
 {¶ 2} On September 11, 1998, Justice filed a complaint against LeSueur seeking money for services due. While the action was pending, LeSueur died. His counsel filed a suggestion of death on October 18, 2000. Following this, no action was taken on the record until June 20, 2001, when Wallace Davis, the duly appointed executor of LeSueur's estate, filed a motion to dismiss the action for failure to prosecute pursuant to Civ.R. 25(A)(1). The trial court granted the motion to dismiss the case despite Justice's opposition.
 {¶ 3} Justice argues one assignment of error to this court as follows:
 {¶ 4} "The trial court erred when it dismissed this action because Wallace Davis, executor of the Estate of Ernest C. LeSueur, substituted himself as the real party in interest."
 {¶ 5} As stated above, the trial court dismissed Justice's complaint due to her failure to comply with Civ.R. 25(A)(1). A trial court may, upon motion by any party, order substitution of the proper party when a party dies and the claim is not thereby extinguished. Civ.R. 25(A)(1). However, unless the motion to substitute the proper party is made within ninety days after a suggestion of death is entered into the record, "the action shall be dismissed as to the deceased party." (Emphasis added) Id.
 {¶ 6} Justice argues the executor's motion to dismiss effectively acts as an "appearance" and, therefore, the estate was named as the real party in interest. However, this procedure fails to comply with the Civ.R. 25(A)(1) in two ways. First, no motion to substitute a proper party was ever placed before the trial court as required by the rule. A person may not be substituted absent a motion to substitute that person as the proper party. United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 122, 601 N.E.2d 138. Second, the suggestion of death was filed on October 18, 2000 while the motion to dismiss was filed on June 20, 2001, two hundred forty-five days later. Thus, even if the motion to dismiss did qualify as a motion to substitute a proper party under Civ.R. 25(A)(1), that motion was made well after the ninety-day period provided for within Civ.R. 25(A)(1) and, accordingly, it must be dismissed.
 {¶ 7} Justice failed to comply with the provisions of Civ.R. 25(A)(1). Because of the mandatory language in Civ.R. 25(A)(1), there is no way in which the trial court could have denied LeSueur's motion to dismiss. Thus, Justice's sole assignment of error is meritless and the decision of the trial court is affirmed.
Judgment affirmed.
Vukovich, P.J., and Donofrio, J., concur.