DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal from a judgment of the Ottawa County Court of Common Pleas, Juvenile Division, appellant, Chazarea E. S., asserts that the following error occurred in the proceedings below:
 {¶ 2} "The trial court erred in overruling defendant's Civil Rule 60(B) motion without hearing evidence to support defendant's affidavit stating that the address in the complaint was not his address, that he had not received the summons mailed to him at that address, and that he had no notice of the pendency of the complaint filed against him."
 {¶ 3} On July 15, 1997, appellees, Christy L. W., Zachary W. and the Ottawa County Department of Human Services, now known as Ottawa County Department of Job and Family Services, filed a parentage action in the trial court. The complaint alleged that genetic testing resulted in a 99.57 percent probability that appellant was the father of Christy's son, Zachary W., born April 17, 1995. The plaintiffs asked the court to adopt the administrative order establishing paternity and find that a legal parent-child relationship exists between appellant and Zachary. The plaintiffs also requested, among other things, an order for reasonable birthing expenses, the medical expenses for Zachary since his birth, health insurance for Zachary and child support.
 {¶ 4} Service of the complaint on appellant was first made by certified letter to 414 Lakepine Drive #6, Marblehead, Ohio 43440, an address verified as appellant's by the United States Post Office. When the letter was returned marked "unclaimed," the complaint was sent by ordinary mail to the same address. Appellant, however, never appeared in the parentage action.
 {¶ 5} On September 25, 1997, the trial court entered a judgment finding that appellant was the natural father of Zachary and establishing a legal parent-child relationship. Based upon an imputed income of a "full-time minimum wage," the court ordered appellant to pay $216.17 per month in child support, as well as to provide health insurance for and to pay the uncovered medical expenses of Zachary. The court further ordered appellant to reimburse the Ottawa County Department of Human Services for ADC and Medicaid benefits paid for Zachary's support and to pay for the costs of genetic testing.
 {¶ 6} On May 2, 2001, appellant, who is diagnosed as schizophrenic/paranoid, filed, pursuant to Civ.R. 60(B)(5), a motion for relief from judgment. He maintained that he was never properly served with notice of the 1997 parentage action. While acknowledging that his sister resided at the Lakepine Drive address, appellant claimed that he never resided at that address. He alleged that his sister would testify that she received the notice by ordinary mail, but did not have any contact with her brother during that period and did not know his whereabouts. Appellant asked the court to set aside the September 25, 1997 judgment because the lack of notice violated his due process rights.
 {¶ 7} Appellant's Civ.R. 60(B) motion was supported by the affidavit of appellant's mother and legal guardian, Leola Hughes, who averred that appellant never resided at the Lakepine Drive address. She also stated that at the time the parentage action was filed, appellant resided in Lorain, Ohio. She claimed that she, and to the best of her knowledge, her son, knew of the parentage action only after she obtained guardianship of appellant in the year 2000 and requested visitation with Zachary.
 {¶ 8} The trial court denied appellant's motion without a hearing. In doing so, the court applied the three-part test used to determine the merits of a Civ.R. 60(B) motion. See GTE AutomaticElectric, Inc. (1976), 47 Ohio St.2d 146. The trial judge found that the complaint was served in a manner reasonably calculated to reach appellant. Therefore, he concluded that appellant did not demonstrate that he had a "meritorious defense."
 {¶ 9} In his solitary assignment of error, appellant contends that the trial court erred in failing to hold a hearing on his motion for relief from judgment.
 {¶ 10} Although appellant applied for relief from judgment pursuant to Civ.R. 60(B), the sole basis for that relief is that he was never properly served with the complaint in the parentage action. Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio. Kurtz v. Kurtz (1991),71 Ohio App.3d 176, 182 (Citations omitted.). Because a court has the inherent power to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B).Doolin v. Doolin (1997), 123 Ohio App.3d 296, 300; United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115, 123. Therefore, the trial court erred in applying the standard for deciding a Civ.R. 60(B) motion. Rather, the following standard is appropriate in this cause.
 {¶ 11} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. Akron-Canton Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 406, quoting Mullane v. CentralHanover Bank Trust Co. (1950), 339 U.S. 306, 314. The plaintiff in a case bears the burden of achieving proper service on a defendant.Cincinnati v. Emge (1997), 124 Ohio App.3d 61, 63. In those instances where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence. Id.
 {¶ 12} In the case before us, the plaintiffs in the parentage action properly followed Civ.R. 4.3(B) and Civ.R. 4.6(D) by first sending a certified letter to the Lakepine Drive address and, when that was returned as "unclaimed," sending notice of the complaint by ordinary mail to the same address. Nonetheless, this presumption of proper service can be rebutted by appellant with sufficient evidence. Id.; United Home Fed.v Rhonehouse, 76 Ohio App.3d at 125. The question then becomes whether the affidavit of appellant's mother is sufficient to rebut that presumption.
 {¶ 13} While some courts in Ohio find that the uncontroverted affidavit of a party that he was not served to be sufficient evidence to find a default judgment void ab initio, see e.g. Rafalski v. Oates
(1984), 17 Ohio App.3d 65, others prefer that the trial court hold a hearing in order to allow the judge to assess the competency and credibility of the evidence, see Cincinnati v. Emge (1997),124 Ohio App.3d at 64.
 {¶ 14} As applied to this cause, we conclude that appellant's mental condition and apparent inability to file his own affidavit, requires the court to hold an evidentiary hearing to determine the credibility of appellant's witnesses and the persuasiveness of his evidence. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 15} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to that court for further proceedings not inconsistent with this judgment. Appellees are ordered to pay the costs of this appeal.
 JUDGMENT REVERSED.
Knepper and Pietrykowski, JJ., concur.