OPINION *Page 2 
{¶ 1} Defendant-Appellant, Bill Newell Excavating, appeals the trial court's decision to grant the Motion for Reconsideration of Plaintiff-Appellee, Tractor Service and Supply, Inc.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On October 15, 2004, Appellee filed its complaint for breach of contract, quantum meruit and fraud against Appellant. Appellee correctly identified Appellant's address in its Complaint as "4595 Elder Road, Pleasantville, Ohio, 43148." The Summons issued by the Clerk of Courts' office, however, identified Appellant's address as "4595 Eldon Road, Pleasantville, Ohio, 43148." The Summons and Complaint were sent by certified mail to "4595 Eldon Road."
 {¶ 3} On November 12, 2004, the certified mail service of the Complaint and Summons was returned to the Clerk of Courts as "unclaimed." Counsel for Appellee then requested the Clerk of Courts to serve the Complaint and Summons by ordinary mail. Again, the Summons was issued to Appellant at "4595 Eldon Road." There is no record in the court docket that the ordinary mail service failed.
 {¶ 4} Appellee filed a Motion for Default Judgment on February 17, 2005. The trial court granted the motion on February 23, 2005.
 {¶ 5} Appellee initiated execution proceedings on its judgment on March 8, 2006. On June 14, 2006, Appellant filed a Motion for Relief from Judgment on the basis that Appellant was never served with the complaint. Appellee filed its Objection to Appellant's motion on July 7, 2006. The trial court issued a judgment entry on July 10, 2006 stating, "This matter came on for non oral hearing on July 5, 2006, upon *Page 3 
Defendant's Motion for Relief from Judgment filed June 14, 2006. After consideration, the Court finds said motion to be well taken, and the same is hereby GRANTED."
 {¶ 6} Before it ruled on Appellant's motion, however, the trial court did not notify the parties that it had set Appellant's Motion for Relief from Judgment for a non-oral hearing on July 5, 2006. Appellee was concerned the trial court did not consider its objection to Appellant's motion filed on July 7, 2006, so it filed a Motion to Reconsider. The trial court held a non-oral hearing and reconsidered the matter. It then reversed its prior ruling granting relief from judgment. It is from this judgment the Appellant now appeals.
 {¶ 7} Appellant raises two Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RELIEF FROM A DEFAULT JUDGMENT."
 {¶ 9} "II. THE TRIAL COURT'S DECISION ON PLAINTIFF'S MOTION TO RECONSIDER IS A NULLITY."
 I. {¶ 10} Appellant first argues the trial court erred in denying its Motion for Relief from Judgment. We agree.
 {¶ 11} Appellant asserts the judgment against it should be vacated under Civ.R. 60(B)(5) because it was never properly served with the complaint. Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio. Rite Rug Co., Inc.v. Wilson (1995), 106 Ohio App.3d 59, 62, 665 N.E.2d 260. Because the court has the inherent authority to vacate a void judgment, a party who asserts that the trial *Page 4 
court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B).United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 123,601 N.E.2d 138. Appellant must only establish the fact of non-service.
 {¶ 12} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. Akron-Canton Regional Airport Auth. v.Swinehart (1980), 62 Ohio St.2d 403, 406, 406 N.E.2d 811 quotingMullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314,70 S.Ct. 652, 94 L.Ed. 865. The plaintiff bears the burden of obtaining proper service on a defendant. Cincinnati Ins. Co. v. Emge (1997),124 Ohio App.3d 61, 63, 705 N.E.2d 408. In those instances where the plaintiff follows the Civil Rules governing the service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service.
 {¶ 13} Civ.R. 4.6(D) provides that if certified mail is returned with an endorsement showing that the envelope was "unclaimed," the serving party can request that the complaint be served by ordinary mail service. Under that scenario, service is deemed complete "when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D); Cavalry Investments v.Clevenger, 6th Dist. No. L-05-1103, 2005-Ohio-7003, at ¶ 11.
 {¶ 14} In the present case, Appellee's attempt to serve Appellant by certified mail was returned to the Clerk of Courts marked "unclaimed" on November 12, 2004. Appellee then sought service by ordinary mail. The Clerk served Appellant by ordinary *Page 5 
mail and the proof of the mailing was entered on the record on December 15, 2004. That mailing was not returned by the postal authorities with an endorsement showing failure of delivery. Pursuant to Civ.R. 4.6(D), service of the summons and complaint on Appellant is therefore deemed complete as of that day.
 {¶ 15} Appellant submitted an affidavit, signed by William Newell, with its motion to vacate stating that Appellant never received the summons and complaint. Some courts in Ohio have held that the uncontroverted affidavit of a party that he was not served with process is sufficient evidence to find a default judgment void ab initio.Rafalski v. Oates (1984), 17 Ohio App.3d 65; Rogers v. UnitedPresidential Life Ins. Co. (1987), 36 Ohio App.3d 126, 129; and Lin v.Reid (1983), 11 Ohio App.3d 232, 235. Other courts have found that before finding a default judgment void ab initio, the trial court must determine whether sufficient competent, credible evidence of nonservice exists. In some cases, the uncontroverted affidavit along with other matters in the record will be enough for the trial court to assess the credibility of the affiant. See United Home Fed., supra at 125. In other situations, more information is needed. See Christy L.W. v. ChazareaE.S., 6th Dist. No. OT-02-019, 2003-Ohio-483 (case remanded for hearing to assess competency and credibility of evidence where affiant's mental condition at issue.) Under either scenario, if the court finds insufficient evidence of nonservice, the default judgment must be found to be valid. United Home Fed., supra at 124.
 {¶ 16} This court has previously held that a trial court must hold an oral hearing to determine whether sufficient competent, credible evidence of nonservice exists *Page 6 
before finding a default judgment ab initio. In Miller v. Booth, 5th Dist. No. 06-CA-10, 2006-Ohio-5679, we held:
 {¶ 17} "Based on the foregoing, we find that appellant presented operative facts which would warrant relief when he presented uncontroverted, sworn statements alleging that he did not receive the summons and complaint. In short, we find that appellant has presented sufficient evidence rebutting the presumption of proper service. While the affidavits may be self-serving, without a hearing, the trial court could not appropriately assess the appellant's credibility or the persuasiveness of appellant's evidence and could not determine whether appellant was truthful in alleging that he did not receive proper service of process. See, Cincinnati Ins. Co. v. Emge (1997),124 Ohio App.3d 61, 705 N.E.2d 408. See also Ohio Mut. Ins. Co. v. DeLong (Aug. 28, 2000), Fairfield App. No. 00CA17, 2000 WL 1275576." Id. at ¶ 35-36.
 {¶ 18} In the case before us, the trial court granted Appellant's motion to vacate after it held a non-oral hearing on July 5, 2007. Appellee filed a motion for reconsideration to ask the trial court to consider its opposition to Appellant's motion to vacate. The trial court held another non-oral hearing on the motion to reconsider and then denied Appellant's motion to vacate. We find, based on our reasoning above, the trial court erred in not holding an oral hearing on Appellant's motion to vacate.
 {¶ 19} Appellant's first Assignment of Error is sustained.
 II. {¶ 20} Appellant next argues that a motion for reconsideration of a Civ.R. 60(B) motion is a nullity. We find Appellant's second Assignment of Error is rendered moot pursuant to our disposition of Appellant's first Assignment of Error. *Page 7 
 {¶ 21} Accordingly, the judgment of the Fairfield County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision and judgment entry.
 Delaney, J., Farmer, P.J., and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed and remanded. Costs assessed to appellee. *Page 1